**Stephen C. LIGHT, Appellant,**

v.

**Jay F. VERRIPS, Appellee.**

**No. 17377.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 5, 1979.

Ross, Banks, May, Cron & Cavin, C. John Mayer, Houston, for appellant.

Robert E. McCool, Houston (no brief), for appellee.

Before PEDEN, EVANS and WALLACE, JJ.

EVANS, Justice.

This writ of error proceeding was instituted by the petitioner, Stephen C. Light, to set aside a default judgment.

The petition constitutes a direct attack upon the default judgment, and this court will not, therefore, indulge any presumptions in support of the judgment's validity. *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). In this writ of error proceeding, the decisive question is whether there is an error apparent on the face of the record which vitiates the trial court's judgment. *Flynt v. City of Kingsville*, 125 Tex. 510, 82 S.W.2d 934 (1935); *Texaco, Inc. v. McEwen*, 356 S.W.2d 809 (Tex.Civ.App.-Dallas 1962, writ ref'd n. r. e.).

A review of the transcript shows that the plaintiff's original petition, seeking recovery on a promissory note, was filed September 22, 1976. About a year later, on November 11, 1977, the plaintiff filed application for service of citation pursuant to Rule 106, Tex.R.Civ.P., alleging that personal service of citation could not be secured on the defendant and that the defendant's "usual place of abode, last known to the Plaintiff" was at the residence of his father, K. C. Light, "located at 3938 Knollcrest, (Lake Walden) Conroe, Texas."

On November 15, 1977, the trial court ordered service of citation on the defendant by leaving a copy of the citation with petition attached at the last known place of abode of the defendant at "3938 Knollcrest, (Lake Walden) Conroe, Montgomery County, Texas."

The record reflects one affidavit in support of the trial court's order authorizing substituted service. This affidavit recites that the affiant found it impractical to secure personal service on the defendant "because he absents and secretes himself and evades personal service on each occasion service is attempted." The affidavit does not, however, set forth the facts or circumstances upon which this conclusionary statement is based.

The record contains a copy of a citation issued November 16, 1977, with the attached sheriff's return containing the following recitation:

"Stephen C. Light or anyone over age of 16. Name: K. C. Light 12/10/77 8:58 A.M. 3938 Knollcrest, Conroe, Texas.

The record also contains a photocopy of a letter from K. C. Light to the Honorable Wyatt H. Heard, bearing a file mark dated December 20, 1977, and stating:

"Dear Judge Heard:

Stephen C. Light is my son and this was delivered to me a few days ago. This address is not his place of business nor is it his place of abode.

He is 31 years old, married and lives elsewhere. I have not seen or heard from him in several months.

Yours very truly

K. C. Light"

Also shown in this record are photocopies of the original postcard notice of the default judgment mailed by the clerk of the court addressed to Stephen C. Light, 3938 Knollcrest, Conroe, Texas, and of the original cost bill prepared by the clerk and mailed to Stephen C. Light, 3938 Knollcrest, Conroe, Texas, both of which bear the U. S. Post Office notification: "No Such Street."

 In personam jurisdiction cannot be based upon substituted service unless the record shows a strict compliance with the statute authorizing such service. *McKanna v. Edgar*, supra; *David A. Carl Enterprises, Inc. v. Crow-Shutt # 14*, 553 S.W.2d 118 (Tex.Civ.App.-Houston [1st Dist.] 1977, no writ). Furthermore, the substituted service must be such as would most likely reach the defendant. *Forney v. Jorrie*, 511 S.W.2d 379 (Tex.Civ.App.-San Antonio 1974, writ ref'd n. r. e.).

The trial court's order authorizing substituted service states that service shall be affected by leaving a copy of the citation with petition attached "at the last known place of abode" of the defendant. Rule 106, Tex.R.Civ.P. provides:

> Where it is impractical to secure service, as authorized by (a) or (b) as above directed, the court, upon motion, may authorize service by the officer leaving a copy of the citation, with petition attached, at the usual place of business of the party to be served, or (d) by the officer delivering same to anyone over sixteen years of age at the party's usual place of abode, or (e) by any disinterested adult named by the court in its order, or (f) any other manner which will be reasonably effective to give the defendant notice of the suit.

There is no showing in the record that the address indicated in the court's order was the defendant's "usual" place of abode, and the letter from the defendant's father to the trial judge indicates that such address was not the defendant's usual place of abode.

The record does not reflect strict compliance with the statute authorizing substituted service, and for the reasons stated, the petitioner's first point of error will be sustained.

The petition for writ of error is granted, the default judgment is set aside, and the cause is remanded for a trial on the merits.