**KE–NAN PAO, Appellant,**

v.

**BRAYS VILLAGE EAST HOME-OWNERS ASSOCIATION, INC., Appellee.**

No. 01–94–01291–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 20, 1995.

Bruce Ian Schimmel, P.C., Rodney D. Kapp, Houston, for appellant.

Donald Michael Stull, Houston, for appellee.

Richard L. Petronella, Houston, for Vincent Bustamante, a Party Adversely Interested.

Vincent Bustamante, Houston, pro se.

Before MIRABAL, HUTSON–DUNN and HEDGES, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal by writ of error from a default judgment. We affirm.

Appellee, Brays Village East Homeowners Association, brought suit against appellant, Ke–Nan Pao, to collect unpaid annual maintenance assessments. Appellee sought recovery of unpaid principal, interest, and attorneys fees. When appellant failed to file an answer in the lawsuit, the trial court granted default judgment.

■ To successfully attack a default judgment by writ of error, the petitioner must (1) file the writ within six months after the final judgment is rendered; (2) be a party to the lawsuit; (3) have not participated at trial; and (4) demonstrate error apparent from the face of the record. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985). It is undisputed that appellant has satisfied the first three of these requirements. The only issue for this Court to decide is whether error appears on the face of the record.

In points of error one and two, appellant asserts the trial court lacked personal jurisdiction over him because appellee did not strictly comply with the rules governing issuance, service and return of citation.

■ A default judgment cannot withstand direct attack by a defendant who shows that he was not served in strict compliance with applicable requirements. *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990). In contrast to the usual rule that all presumptions—including valid issuance, service and return of citation—will be made in support of a judgment, there are no such presumptions in the face of a direct attack on a default judgment. *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex.1985). "[F]ailure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect." *Id.*

■ In point of error two, appellant asserts the trial court lacked jurisdiction because the affidavit supporting appellee's application for substituted service was defective.

Rule 106(b) of the Texas Rules of Civil Procedure authorizes substituted service on a defendant when attempts at actual service have been unsuccessful. The rule provides:

(b) Upon motion *supported by affidavit stating the location of the defendants*

*usual place of business or usual place of abode* or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

(1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX.R.CIV.P. 106(b) (emphasis added). In support of its application for substituted service, appellee filed the affidavit of Deputy R.E. Rice, which states in relevant part:

It is impractical to secure service of citation on the Defendant, Ke–Nan Pao, in the above numbered and entitled cause, by delivering to said Defendant, Ke–Nan Pao, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the Petition attached thereto, because he absents or secretes himself, or otherwise evades such service each time I have attempted to effect such service on him in this cause.

The said Defendant's usual place of abode or the place where the said Defendant can probably be found is 6134 Gladewell, Houston, Texas (77072).

I have attempted service on the said Defendant, Ke–Nan Pao, by attempting to deliver to him, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the Petition attached thereto at the said above described location on the following dates and at the indicated times but I have not been successful:

| Date | Time | Results |
| --- | --- | --- |
| 3/21/94 | 8:18 p.m. | Vehicles in driveway, lights on; no answer. |
| 3/22/94 | 9:45 p.m. | Vehicles in driveway, lights on; no answer. |
| 3/23/94 | 7:10 a.m. | Vehicles in driveway, lights on; no answer. |

Appellant complains about the portion of the affidavit in which Deputy Rice stated: "The said Defendant's usual place of abode or the place where the said Defendant can probably be found is 6134 Gladewell, Houston, Texas (77072)." According to appellant, this statement is conclusory and unsupported by probative evidence. He maintains that an affidavit in support of substituted service must contain *evidence of probative value* that the location stated is the usual place of business or abode. Appellant relies on two cases: *Garrels v. Wales Transportation, Inc.,* 706 S.W.2d 757 (Tex.App.—Dallas 1986, no writ), and *Light v. Verrips,* 580 S.W.2d 157 (Tex.App.—Houston [1st Dist.] 1979, no writ). Both are factually distinguishable.

In *Garrels,* the constable's affidavit stated merely that he had attempted service at a certain location on four occasions. *Garrels,* 706 S.W.2d at 758. Although the unsworn motion for substituted service indicated that this location was the defendant's usual place of abode, the affidavit did not. Reasoning that the motion was not evidence, the court held that service was defective since the affidavit did not contain the statement. *Id.* at 759.

Similarly, in *Light,* this Court noted there was "no showing in the record that the address in the court's order was the defendant's 'usual' place of abode." *Light,* 580 S.W.2d at 159. The affidavit in support of the trial court's order did not indicate that the location was his usual place of abode, and, perhaps more importantly, the record contained a letter from defendant's father stating affirmatively that it was *not* his place of business or abode. *Id.* at 158.

Contrary to appellant's assertions, neither *Garrels* nor *Light* require the affiant to state how he came to the conclusion that the address was the usual place of abode of the defendant. Deputy Rice's affidavit contained the necessary recitations required by rule 106(b). The trial court's order authorizing substituted service was proper.

We overrule point of error two.

▮ In point of error one, appellant asserts the trial court lacked jurisdiction because the rule 106 order authorizing substi-

**38**

tuted service did not "specify the manner in which proof of service was to be made." Appellant relies on rule 107, which reads as follows:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. The return of citation by an authorized person shall be verified. When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature. When the officer or authorized person has not served the citation, the return shall show the diligence used by the officer or authorized person to execute the same and the cause of failure to execute it, and where the defendant is to be found, if he can ascertain.
>
> *Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court.*
>
> No default judgment shall be granted in any cause until the citation, or process under Rules 108 or 108a, with proof of service as provided by this rule or by Rules 108 or 108a, *or as ordered by the court in the event citation is executed under Rule 106,* shall have been on file with the clerk of the court ten days exclusive of the day of filing and the day of judgment.

TEX.R.CIV.P. 107 (emphasis added).

Appellant contends that the italicized language mandates that the trial court set out, in the order authorizing substituted service, the specific manner by which proof of service should be made. He maintains that because the court did not so specify, the return is necessarily invalid and the trial court was not authorized to even consider it. We disagree.

The trial court's order for substituted service authorized service in any one of the following manners:

> by leaving a true copy of the citation, with a copy of the petition attached, at the usual place of abode of the party to be served;

by delivering same to anyone over sixteen (16) years of age at the party's usual place of abode, the location of which is 6134 Gladewell, in Houston, Texas (77072); by registered or certified mail; or, in any other manner which will be reasonably effective to give the defendant, Ke–Nan Pao, notice of the suit, including, but not limited to, attaching a true copy of the citation, with a copy of the petition attached, to the entry door, entry gate, garage door, or other conspicuous place at the usual place of abode of the party to be served.

The order did not specify how the serving officer was to prove he served the citation and petition.

The deputy constable who served the petition filed a typical form "officer's return" that complied with the first paragraph of rule 107. The return is attached to the citation; it states when the citation was served and the manner of service; and it is signed by the deputy constable. Specifically, the return states the citation and petition were served on Ke–Nan Pao on May 4, 1994, at 12:10 p.m., at 6134 Gladewell, "per 106–attached to front door." The return reflects strict compliance with the trial court's rule 106 order authorizing substitute service. *See Brown v. Magnetic Media, Inc.* 795 S.W.2d 41, 43 (Tex.App.—Houston [1st Dist.] 1990, no writ).

We hold that, in the absence of a specification in the trial court's rule 106 order of a *different* manner of proving service, proof of service in the normal manner authorized by rule 107 is sufficient. *See State Farm Fire and Casualty Co. v. Costley,* 868 S.W.2d 298, 299 (Tex.1993). Accordingly, we overrule appellant's point of error one.

■ In point of error three, appellant complains about the portion of the trial court's judgment that *unconditionally* awards appellee "additional attorney's fees of $5,000.00 in the event of an appeal to the Court of Appeals, plus $5,000.00 in the event of an appeal to the Supreme Court." Appellee agrees the trial court should have conditioned this award upon an *unsuccessful* appeal, and concedes the trial court's failure to do so constitutes error. Both parties agree

the proper remedy is for this court to reform the judgment. *See Sipco Serv. Marine, Inc. v. Wyatt Field Serv. Co.*, 857 S.W.2d 602, 608 (Tex.App.—Houston [1st Dist.] 1993, no writ) (op. on reh'g); *Westech Eng'r, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 205 (Tex.App.—Austin 1992, no writ).

We reform the judgment to read that the award of additional attorney's fees to appellee, in the event of appeal by appellant, is conditioned upon appellee's prevailing on appeal. As reformed, the judgment is affirmed.