Opinion issued October 25, 2007 












 







In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00061-CV

__________


PAUL HOEFKER AND WILBANKS & HOEFKER, P.C., Appellants


V.


VICTOR S. ELGOHARY, Appellee






On Appeal from County Civil Court at Law Number One

Harris County, Texas

Trial Court Cause No. 775,331






O P I N I O N

 Appellants, Paul Hoefker and Wilbanks & Hoefker, P.C. (collectively,
"Hoefker"), challenge the county court's judgment, entered after remand from this
Court, awarding appellee, Victor S. Elgohary, attorney's fees as sanctions for
discovery abuse. In four issues, Hoefker contends that the county court erred and
abused its discretion in "failing to follow this Court's Opinion and Mandate," "re-awarding the initial $8,750 in its judgment [and] improperly awarding an additional
$10,000 to [Elgohary]," "allowing testimony from [Elgohary's] attorney," and
"awarding attorney's fees to [Elgohary] unconditionally, if [Hoefker] appeal[s]." 

 We modify the judgment to delete one provision relating to the award of
attorney's fees as sanctions, to delete another provision awarding attorney's fees for
an appeal to this Court, and to make another provision relating to appellate attorney's
fees contingent upon an unsuccessful appeal to the Texas Supreme Court. We affirm
the judgment as so modified. 

Factual and Procedural Background

 Hoefker's original appeal arose out of an underlying lawsuit for breach of
contract filed by Elgohary against William Uhlemeyer, who had been represented by
Hoefker. See Hoefker v. Elgohary, No. 01-03-00374-CV, 2005 WL 1189643 (Tex.
App.--Houston [1st Dist.] May 19, 2005, no pet.). After Elgohary had filed a second
motion to compel discovery and to set the motion for hearing, Hoefker asked
Elgohary to reset the hearing, representing that he was already required to attend
another hearing in Brazoria County. Elgohary refused, and, in Hoefker's absence, the
county court granted Elgohary's motion and struck Uhlemeyer's pleadings. 

 Although the county court subsequently granted Uhlemeyer a new trial, it 
considered a motion for sanctions filed by Elgohary, in which Elgohary alleged that
Hoefker "proffered false testimony" and "demonstrated a pattern of discovery abuse." 
Elgohary requested as sanctions $8,750 in attorney's fees, which he stated that he had
expended "in the prosecution of this suit." Elgohary presented evidence indicating
that Hoefker had disobeyed discovery orders and had misrepresented to the county
court that he had had a hearing in Brazoria County. Elgohary's counsel testified that
his fees totaled $8,750, his customary fee was $150 per hour, he invested over 60.1
hours on the case, he had made 11 appearances, and there had been 22 pleadings filed
in the case. The county court orally granted Elgohary's motion, and, in its written
order, the county court confirmed its award of $8,750 and imposed $1,000 in court
fines. The county court recited that the "attorney's fees sanctions" were imposed for
Hoefker's willful disregard of the court's order to respond to discovery and to appear
for a hearing. Elgohary and Uhlemeyer subsequently settled the underlying lawsuit. 
 In his original appeal, Hoefker contended that the county court erred in
awarding Elgohary $8,750 in attorney's fees as sanctions for discovery abuse. In our
original opinion, we held that the county court was authorized to impose a sanction
against Hoefker because the county court's findings were supported in the record. 
See id. at *5-6; see also Tex. R. Civ. P. 13; Tex. R. Civ. P. 215; Tex Civ. Prac. &
Rem. Code Ann. § 10.001-.005 (Vernon 2002). However, in regard to the amount
of the sanctions award, we noted that when determining whether a sanction is just, we
had to consider "whether there [was] a reasonable relationship between the abusive
conduct and the sanction imposed." See Hoefker, 2005 WL 1189643, at *5 (citing
TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991)). 
The evidence in the record established only that Elgohary had invested approximately
60 hours in the case and that his fees had "totaled $8,750." See id. at *6. It did not
establish that the fees were due solely to discovery abuse. As we stated in our
original opinion, "no testimony directly related to the amount of fees incurred due to
Hoefker's discovery abuses." See id. Accordingly, we reversed the county court's
original judgment and remanded the case to the county court "for a determination of
an attorney's fees sanction consistent with the rules and [our] opinion." See id. at *7. 
 On remand, the county court, in its written judgment, criticized this Court's
judgment remanding the case for such a determination because it felt that the record
was "clear." (1) Nevertheless, in an effort to establish "a reasonable relationship"
between the conduct and the sanction imposed, the county court conducted a hearing
to consider the number of hours "actually related" to Hoefker's discovery abuses. At
that hearing, Elgohary's counsel testified that his "time vested specifically for
discovery sanctions against opposing counsel total[ed] over 65 hours" and that his
"total time expended in this case [was] 165 hours." Elgohary's counsel also
submitted 2 copies of a billing invoice reflecting the amount of time that he had spent
on the case, the second of which he highlighted to indicate the expenses related to
Hoefker's discovery abuses. Elgohary's counsel stated that he had billed his client
over $24,000 on the case and that the original $8,750 award represented only those
hours related to Hoefker's discovery abuses. Elgohary's counsel also testified that
he had "in addition expended $9,750 in the appeal of this case," and he asked the
county court to award additional appellate attorney's fees.

 After the hearing, the county court, in its judgment upon remand, stated, in
pertinent part, The Court finds and clarifies that the $8,750 in attorney's fees
awarded were distinct from the remainder of the balance of "all the
attorney's fees he [Elgohary's counsel] expended in the case" on the
date of the Court's prior ruling.


 After rehearing, the Court further finds that $8,750 still is a fee
reasonably and rationally related to defense counsel's conduct as of the
date of the award.


The county court, however, did not stop there. It went on to state,

 This Court finds that as a consequence of the post award
motions, appeal, remand hearings and anticipated re-appeal, that the
original award of $8,750 is manifestly unjust to the plaintiff in light of
the abuse the plaintiff sustained as a consequence of the affronts made
against the justice system. This court finds that additional reasonable
and necessary attorney's fees of $10,000 from the date of the prior
judgment through the date of this judgment would be appropriate,
rational, and equitable.


Standard of Review

 We review a trial court's imposition of sanctions for an abuse of discretion. 
Koslow's v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990); Zarsksy v. Zurich Mgmt., Inc.,
829 S.W.2d 398, 399 (Tex. App.--Houston [14th Dist.] 1992, no writ). The test for
abuse of discretion is whether the trial court acted without reference to any guiding
rules and principles or, equivalently, whether under all the circumstances of the
particular case the trial court's action was arbitrary or unreasonable. Koslow's, 796
S.W.2d at 704; Downer v. Aquamarine Operations, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985).

 When a trial court finds that a party has failed to comply with proper discovery
requests, has failed to obey discovery orders, or has otherwise abused the discovery
process, the court is authorized to impose a sanction that is just under the
circumstances. Tex. R. Civ. P. 215; In re Ford Motor Co., 988 S.W.2d 714, 718
(Tex. 1998); TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917
(Tex. 1991); In re Supportkids, Inc., 124 S.W.3d 804, 807 (Tex. App.--Houston [1st
Dist.] 2003, no pet.). Again, when determining whether a sanction is just, a court first
considers whether there is a reasonable relationship between the abusive conduct and
the sanction imposed. TransAmerican, 811 S.W.2d at 917 (stating that "the sanctions
the trial court imposes must relate directly to the abuse found."); Hanley v. Hanley,
813 S.W.2d 511, 522-23 (Tex. App.--Dallas 1991, no writ) (stating that award of
attorney's fees shown to be in excess of what is reasonable and does not relate to
harm suffered as result of discovery abuse is unjust and not authorized by rule 215). 
Second, a court considers whether the sanction is excessive. TransAmerican, 811
S.W.2d at 917.

Original Sanctions Award

 In his first issue, Hoefker argues that the county court erred and abused its
discretion in "failing to follow this Court's Opinion and Mandate" because, in our
original opinion, we "found as a matter of fact that Elgohary's counsel's fees totaled
$8,750 for prosecution of the suit." Hoefker asserts that the judgment upon remand
should have imposed, at most, only a portion of the original award. In his third issue, 
Hoefker argues, therefore, that the county court erred in allowing Elgohary to present
further testimony and evidence on the issue of attorney's fees. 

 Hoefker finds support in the county court's judgment upon remand, in which
the county court recited, erroneously, that "the Court of Appeals has made a factual
determination that $8,750 were 'all the attorney's fees he (Elgohary's counsel)
expended in the case.'" However, as noted by Elgohary in his brief to this Court, this
Court made no such "finding." Rather, given that the record was not clear, i.e., there
was "no testimony directly related to the amount of fees incurred due to Hoefker's
discovery abuses," it "appear[ed]" to this Court that the county court "awarded
Elgohary's counsel all the attorney's fees he expended in the case." See Hoefker,
2005 WL 1189643, at *6. This is precisely why we remanded the case for
clarification. 

 As noted by Elgohary, the county court, upon remand, heard evidence
indicating that his counsel had expended, at a minimum, approximately over 65 hours
of his time "specifically" on Hoefker's discovery abuses. He specifically highlighted
expenses related to Hoefker's discovery abuses and in support of his assertion that the
original $8,750 represented only those hours related to the discovery abuse. This
evidence clearly established a relationship between Hoefker's discovery abuses, the
sanctionable conduct, and the amount of the attorney's fees award of $8,750. See
TransAmerican, 811 S.W.2d at 917. Accordingly, we hold that the county court on
remand did not abuse its discretion in awarding Elgohary $8,750 in attorney's fees.

 We reject Hoefker's complaints about Elgohary's testimony and evidence. 
Hoefker's only specific complaint is that Elgohary's counsel was never identified as
a witness in a response to a request for disclosure. See Tex. R. Civ. P. 193.6. First,
even Hoefker suggests in his briefing that there was no surprise by this testimony. 
See id. (stating that party may not offer testimony of witness, other than named party,
who was not timely identified, unless court finds "there was good cause for the failure
to timely make, amend, or supplement the discovery response" or "the failure to
timely make, amend, or supplement the discovery response will not unfairly surprise
or unfairly prejudice the other parties"). Furthermore, Elgohary's counsel testified
during the original discovery hearing regarding his attorney's fees, and, thus, Hoefker
could not have been surprised by Elgohary's counsel's testimony clarifying the basis
of the award. In regard to Hoefker's complaint regarding the billing invoices, 
Hoefker agreed during the remand hearing that he was not objecting to introduction
of the invoices, but, rather, to their accuracy. The county court obviously rejected
Hoefker's complaints regarding the invoices' accuracy. Hoefker has waived any
other complaint regarding the county court's ability to consider the billing invoices
on remand. See Tex. R. App. P. 33.1. 

 We overrule Hoefker's first and third issues. 

Additional Sanctions Award Upon Remand


 In his second issue, Hoefker contends that the county court "leap[ed] well
beyond the confines" of our original mandate in awarding additional attorney's fees
of $10,000 as a sanction upon remand. 

 We remanded the case to the county court simply "for a determination of an
attorney's fees sanction consistent with the rules and [our] opinion." After criticizing
our original opinion, but then complying with our instructions, the county court, "as
a consequence of the affronts made against the justice system," awarded Elgohary
"additional reasonable and necessary attorney's fees of $10,000 from the date of the
prior judgment through the date of this judgment." It did so without citation to any
legal authority or references to any specific, additional conduct on which it based the
additional award.

 In this appeal, Elgohary's counsel has also not cited any authority on which the
county court could have based this additional award. Elgohary represents that these
attorney's fees "were not connected to the prior appeal." However, this
representation contradicts the plain terms of the county court's judgment upon
remand. The county court, in its judgment, stated that this additional award was for
the time period from the date of the county court's original judgment to the date of
the county court's judgment upon remand, necessarily including the previous
appellate proceedings. Yet, the county court did not find, nor could it have found,
that Hoefker had engaged in additional abuse or sanctionable conduct on appeal. 

 In Lofton v. Texas Brine Corp., the Texas Supreme Court noted that a court of
appeals had not changed anything in its opinion after the supreme court had remanded
the case to the appellate court. 777 S.W.2d 384, 386 (Tex. 1989). The supreme court
concluded that the court of appeals had "disregarded [its] instructions," and further
stated, 

This court need not defend its opinions from criticism from courts of
appeals; rather they must follow this court's pronouncements.
Nevertheless, since we assume the majority of the court of appeals panel
has honestly had difficulty recognizing some contrary evidence and
inferences and applying the correct standards of law, we will briefly
present a review of why the lower court's analysis is incorrect. 


Id. 

 As in Lofton, we will assume that the county court "has honestly had difficulty"
in applying the correct standards of law in sanctioning Hoefker. Also, although the
county court did not reference any specific "affronts made against the justice system,"
nor cite any legal authority for awarding Elgohary an additional $10,000 in attorney's
fees as a sanction, we will presume that it did not do so intentionally to punish
Hoefker for bringing his original, partially successful appeal. However, such a
punishment is the ultimate effect of the county court's additional award upon remand. 
Of course, a trial court may not punish a party for appealing its error. See Sipco
Servs. Marine v. Wyatt Field Serv., 857 S.W.2d 602, 607-08 (Tex. App.--Houston
[1st Dist.] 1993, no writ). Accordingly, we hold that the county court abused its
discretion in awarding Elgohary an additional $10,000 in attorney's fees as sanctions.

 We sustain Hoefker's second issue.

Appellate Attorney's Fees 

 In his fourth issue, Hoefker contends that the county court abused its discretion
in "awarding attorney's fees to [Elgohary] unconditionally, if [Hoefker] appeal[s]"
the county court's judgment upon remand. Elgohary appears to agree that he is
entitled to only appellate attorney's fees in the event Hoekfer's appeal is
unsuccessful. 

 Again, a trial court may not penalize a party for taking a successful appeal. 
Sipco Servs. Marine, 857 S.W.2d at 607-08; Siegler v. Williams, 658 S.W.2d 236,
241 (Tex. App.--Houston [1st Dist.] 1983, no writ). An award of appellate attorney's
fees must be conditioned upon the appellant's unsuccessful appeal. Sipco Servs.
Marine, 857 S.W.2d at 607; Keith v. Keith, 221 S.W.3d 156, 171 (Tex.
App.--Houston [1st Dist.] 2006, no pet.). The proper remedy for an unconditional
award of appellate attorney's fees is to modify the judgment and to make the award
contingent upon the receiving party's success on appeal. Keith, 221 S.W.3d at 171;
Pao v. Brays Vill. E. Homeowners Ass'n, 905 S.W.2d 35, 38-39 (Tex.
App.--Houston [1st Dist.] 1995, no writ). 

 Here, in the conclusion of its judgment, the county court awarded Elgohary
"additional reasonable attorney's fees of $9,750" in the event that Hoefker appealed
and $11,750 in additional attorney's fees in the event that Hoefker appealed to the
supreme court. These awards were made without regard to whether the appeal was
successful or unsuccessful. Hoefker has been successful in the instant appeal in
regard to the county court's additional sanctions award of $10,000 in attorney's fees
that were rendered upon remand. Accordingly, we hold that Elgohary is not entitled
to an award of $9,750 in appellate attorney's fees for Hoefker's appeal to this Court
of the county court's judgment upon remand. However, we modify the county court's
judgment upon remand to state that Elgohary may recover $11,750 in appellate
attorney's fees in the event that Hoefker unsuccessfully appeals to the supreme court.

 We sustain Hoefker's fourth issue.


Conclusion

 We modify the judgment to delete that portion of the judgment awarding
Elgohary additional attorney's fees in the amount of $10,000. We further modify the
judgment to delete that portion of the judgment awarding Elgohary $9,750 in the
event of Elgohary's appeal to this Court. Finally, we modify the judgment to make
the award of attorney's fees for an appeal to the Texas Supreme Court contingent
upon an unsuccessful appeal to that court as follows: "in the event of an unsuccessful
appeal by appellants, Paul Hoefker and Wilbanks & Hoefker, P.C., to the Texas
Supreme Court, appellee, Victor S. Elgohary, will be entitled to $11,750 in reasonable
attorney's fees." We affirm the judgment as so modified. 


 

 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.
1. The record from the original sanctions motion hearing, which we considered prior to
remanding the case, states, in pertinent part:

 

 [Elgohary's counsel]: Your Honor, my name is Savaas Stefanides. I'm
an attorney in the State of Texas licensed by the
Supreme Court of the State of Texas. The fees
that I have charged in this case for my client, Mr.
Victor Elgohary, were necessary and reasonable. 
My customary fee is $150 per hour. I have
invested over 60.1 hours in this case. I have made
11 appearances. There have been 22 pleadings
filed back and forth in this cause. My fees total
$8,750 and I also ask the Court to allow $9,750 if
this case needs to be appealed and $11,000 if Mr.
Hoefker decides to take this to the Supreme Court
of Texas--$11,750 . . . .