**Affirmed as Modified and Memorandum Opinion filed April 24, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00723-CV

---

### MORRIS E. ROBINSON, Appellant

### V.

### TEXAS CONSTRUCTION SERVICES CORPORATION AND TOM BLAND, Appellees

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-49289**

---

## M E M O R A N D U M   O P I N I O N

In this appeal, an individual who was both an officer and a director of a corporation appeals a money judgment rendered against him based on the corporation's claims for conversion and breach of fiduciary duty. The main issues we address on appeal are whether the trial court erred in finding that the officer and director owed a fiduciary duty to the corporation and whether the evidence is sufficient to support the trial court's finding that the officer and director committed

conversion. We conclude that the trial court did not err in determining that the officer and director owed a fiduciary duty and that the evidence is sufficient to support the conversion finding. However, because the trial court erroneously failed to condition its award of appellate attorney's fees on the corporation's success on appeal, we modify the trial court's judgment to condition the fee award on a successful appeal, and affirm the judgment as modified.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff/appellee Texas Construction Services Corporation (hereinafter "Texas Construction") is a Texas corporation. At trial, plaintiff/appellee Tom Bland (hereinafter "Bland") testified that he and appellant/defendant Morris Robinson (hereinafter "Robinson") formed Texas Construction in November 2004. Marlin Robinson is Morris Robinson's cousin and the owner of TR2 Construction, LLC. Ryan Robinson is Robinson's son. Robinson's Water Well Service, Inc. is a Texas corporation owned by Robinson. Texas Construction filed suit seeking damages for breach of contract, breach of fiduciary duty and conversion against Robinson, Marlin Robinson, Ryan Robinson, and Robinson's Water Well Service, Inc. d/b/a Robinson's Water Well Construction (hereinafter "Robinson's Water Well Service"). The trial court granted summary judgment in favor of all of the defendants except Robinson.

At trial, there was evidence that Bland and Robinson conducted Texas Construction's business together and shared its profits. In the course of conducting the business, Texas Construction entered into a lease with M&J International Purchasing for a Komatsu D41P dozer (hereinafter "the dozer") Under the lease agreement Texas Construction had an option to purchase the dozer, and if Texas Construction exercised this option, its rental payments would be applied to the purchase price. Texas Construction used the dozer for demolition and dirt work.

2

In May 2005, Texas Construction entered into a contract with TR2 Construction, LLC to remove concrete in a parking lot. Texas Construction used the dozer in working on this project.

Bland testified he went to the project site midway through the project and discovered Ryan Robinson sitting on the dozer. According to Bland, Marlin Robinson informed him that Ryan Robinson was going to complete the project for Robinson's Water Well Service. Bland stated that he called Robinson to inform him of the events and Robinson was unsurprised. When Bland informed Robinson he was going to pick up the dozer, Bland testified that Robinson responded, "Don't you dare, that dozer belongs to me." Bland said he could not disobey this instruction because the dozer was being kept inside a locked fence at the work site.

William Slade, Vice President of M&J International Purchasing, testified that Texas Construction exercised its option to purchase the dozer. Slade stated that Robinson paid the remaining balance on the dozer and that Slade provided a bill of sale to Robinson. The bill of sale mentioned Robinson only and did not expressly reflect a sale of the dozer to Texas Construction. Slade explained that he allowed Robinson to pay off the account balance for the dozer and gave him the bill of sale because he understood that Robinson was representing Texas Construction at the time. According to Slade, Robinson asked Slade to put Robinson's name on the bill of sale.

Unable to access the dozer, Bland hired an attorney and sent Robinson a demand letter requesting that he return the dozer and compensate Texas Construction for the profit he made on the contract to remove the concrete. Robinson did not respond. Texas Construction then filed suit.

Texas Construction attempted to effect service of process on Robinson by serving the Texas Secretary of State as Robinson's agent for service of process

3

under section 17.044 of the Texas Civil Practice and Remedies Code.[1]  Robinson filed a special appearance, and the trial court denied it.

Following a bench trial, the trial court ruled in favor of Texas Construction on its claims against Robinson for breach of fiduciary duty and conversion.  The trial court found that Robinson converted Texas's Construction's dozer and breached his fiduciary duty to Texas Construction by converting the dozer and diverting the contract with TR2 Construction, LLC to his own corporation, Robinson's Water Well Service.  The trial court rendered a money judgment in favor of Texas Construction for actual damages and attorney's fees for trial and appeal.

## II.  STANDARDS OF REVIEW

When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005).  We must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *See id*. at 827. We must determine whether the evidence at trial would enable reasonable and fair-minded people to find the facts at issue. *See id*. The factfinder is the only judge of witness credibility and the weight to give to testimony. *See id*. at 819.

When reviewing a challenge to the factual sufficiency of the evidence, we examine the entire record, considering both the evidence in favor of, and contrary to, the challenged finding.  *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998).  After considering and weighing all the evidence, we set aside

---

[1] Unless otherwise expressly stated, all statutory references contained in this opinion are to the Texas Civil Practice and Remedies Code.

the fact finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *GTE Mobilnet of S. Tex. v. Pascouet*, 61 S.W.3d 599, 615–16 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). We may not substitute our own judgment for that of the trier of fact, even if we would reach a different answer on the evidence. *Maritime Overseas Corp.*, 971 S.W.2d at 407. The amount of evidence necessary to affirm a judgment is far less than that necessary to reverse a judgment. *Pascouet*, 61 S.W.3d at 616.

### III. ISSUES AND ANALYSIS

Robinson asserts four issues on appeal: (1) the trial court erred in denying his special appearance; (2) the trial court erred in finding that Robinson owed Texas Construction a fiduciary duty; (3) the trial court erred in finding that Robinson committed conversion and awarding damages for the conversion claim; and (4) the trial court erred in awarding Texas Construction attorney's fees in the event of an appeal without making the award conditional upon the success of the appeal. We address Robinson's issues seriatim.

### A. Did the trial court err in denying the special appearance?

In his special appearance Robinson argued as follows: (1) Texas Construction[2] failed to plead sufficient allegations to bring Robinson, allegedly a non-resident of Texas, within the reach of the Texas long-arm statute; (2) Texas Construction failed to plead the necessity for service through the Secretary of State; (3) Texas Construction failed to plead that the Secretary of State was Robinson's agent for service of process under section 17.044(b); and (4) Texas Construction failed to exercise due diligence in attempting to locate Robinson. For

---

[2] For ease of reference we refer to Texas Construction only, even though Bland also was a plaintiff.

these reasons, Robsinson requested that the trial court dismiss the claims against him for lack of personal jurisdiction.

Texas Construction bore the initial burden of alleging in its petition some basis for personal jurisdiction, such as Robinson's conducting of business in Texas or the defendant's commission of a tort in whole or in part in Texas. *See Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 149 (Tex. 2013). In its live pleading at the time the trial court ruled on Robinson's special appearance, Texas Construction alleged that Robinson committed various acts in Texas that constituted conversion and breach of fiduciary duty. Thus, Texas Construction satisfied its initial burden by alleging that Robinson committed torts in Texas, and the burden shifted to Robinson to negate all potential bases of personal jurisdiction. *See id*. But, Robinson did not assert that he failed to establish sufficient minimum contacts with Texas so that the trial court's exercise of personal jurisdiction over him would violate due process. Robinson did not assert or prove that the trial court could not exercise personal jurisdiction over him based on either specific jurisdiction or general jurisdiction. Instead, Robinson relied upon Texas Construction's alleged failure to satisfy its initial burden to plead in its petition some basis for personal jurisdiction. The remainder of Robinson's arguments in his special appearance address service of process, and even if these arguments were meritorious, they would not entitle Robinson to a dismissal for lack of personal jurisdiction.[3] *See Steve Tyrell Productions, Inc. v. Ray*, 674 S.W.2d 430, 435–37 (Tex. App.—Austin 1984, no writ.). We conclude that the trial court did not err in denying Robinson's special appearance. Accordingly, we overrule the first issue.

---

[3] Robinson sought dismissal for lack of personal jurisdiction. He did not ask the trial court to quash the citation.

**B.     Did the trial court err in finding a fiduciary duty?**

In his second issue, Robinson asserts that the trial court erred in finding that he owed Texas Construction a fiduciary duty.  A director or officer of a corporation owes a fiduciary duty to the corporation. *See International Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 576 (Tex. 1963), *superseded by statute on other grounds*.  Robinson agrees with this proposition.  His main argument under the second issue is that, though the trial court found that he became a director and officer of Texas Construction in 2005, the trial court did not find that he was a director or officer of Texas Construction on or about September 26, 2008, when the conduct made the basis of the suit allegedly occurred.

In its findings of fact and conclusions of law, the trial court found that:

- In 2005, Morris Robinson became a director and President of [Texas Construction].

- Morris Robinson is and was a shareholder and an officer and director of [Texas Construction] and has breached his fiduciary duty to [Texas Construction] by converting the Komatsu dozer, [a] corporate asset, and diverting the contract with TR2 Construction, LLC to his own corporation, [Robinson's Water Well Service, Inc.], and retaining all profits therefrom.

Thus, the trial court found that Robinson was both a director and an officer of Texas Construction at the time of the allegedly actionable conduct, including during September 2008.[4]

---

[4] Robinson also states in one part of his appellate brief that the trial court failed to find that he owed a fiduciary duty to Texas Construction.  Though the trial court may not have recited such a finding expressly, the trial court found that Robinson is and was an officer and director of Texas Construction and that Robinson breached his fiduciary duty to Texas Construction.  Thus, the trial court found that Robinson owed a fiduciary duty to Texas Construction.

Under the second issue Robinson asserts that the evidence is legally and factually insufficient to establish a breach of fiduciary duty. Robinson also appears to suggest that the evidence is legally and factually insufficient to establish that he was a director and an officer of Texas Construction on or about September 26, 2008. As to both assertions, Robinson has not provided any argument, analysis, or citations to the record or legal authority. Even construing Robinson's brief liberally, we cannot conclude he has briefed these issues adequately. *See San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 337 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Thus, Robinson has waived these arguments by his inadequate briefing.[5] *See id*.

For the foregoing reasons, we overrule Robinson's second issue.

## C. Is the evidence legally and factually sufficient to support the trial court's finding of conversion?

Under his third issue, Robinson asserts that the evidence is legally and factually insufficient to support a finding that he exercised dominion and control over the dozer to the exclusion of, or inconsistent with, Texas Construction's rights. The wrongful exercise of dominion and control over another's personal property in denial of or inconsistent with his rights is conversion. *See Green International Inc. v. Solis*, 951 S.W.2d 384, 391 (Tex. 1997). There is evidence that Texas Construction had a lease for the dozer and that it had exercised the option to purchase the dozer. The record contains evidence that the agreement provided Texas Construction would make regular payments that would be applied to the purchase amount of the dozer. William Slade testified that Robinson satisfied the remaining balance owing on the dozer and that Slade provided a bill of sale for the dozer to Robinson. The bill of sale mentioned Robinson only and

---

[5] Even if Robinson had briefed these assertions adequately, we would conclude that they lack merit.

8

did not expressly reflect a sale of the dozer to Texas Construction. Slade explained that he allowed Robinson to pay the account balance in exchange for the bill of sale for the dozer because he understood that Robinson was representing Texas Construction at the time. According to Slade, Robinson asked Slade to put Robinson's name on the bill of sale. Bland testified that Robinson's company kept the dozer behind a locked gate that Bland could not access, and that Robinson's company used the dozer to complete the project that Texas Construction had contracted to complete, and refused to return the dozer upon demand.

Robinson argues that Texas Construction did not prove he exercised dominion and control over the dozer because Bland testified only to observing Robinson's son sitting on the dozer, and Bland did not testify that he observed Robinson exercising control over the dozer. Although Bland did not provide this testimony, a reasonable factfinder could infer that Robinson exercised control over the dozer because Robinson's company completed a construction project using the dozer, Robinson paid the remaining balance due on the dozer, and Bland testified that Robinson told Bland not to remove the dozer from the construction site and claimed the dozer belonged to him. *See Tribble & Stephens Co. v. Consolidated Services, Inc.*, 744 S.W.2d 945, 952 (Tex. App.—Austin 1987, writ denied) (determining sufficient evidence supported conversion finding where testimony showed defendant used plaintiff's tools to complete project after terminating plaintiff's contract and tools were later missing).

Under the applicable standard, the evidence is legally and factually sufficient to support a finding that Robinson exercised dominion and control over the dozer to the exclusion of, or inconsistent with, Texas Construction's rights in the dozer. *See Lone Star Ford, Inc. v. Hill*, 879 S.W.2d 116, 121–22 (Tex. App.—Houston [14th Dist.] 1994, no writ) (holding the evidence was legally sufficient to support

9

finding that defendant converted personal property where items were left on premises controlled by defendant and subsequently were missing); *Tribble & Stephens Co.*, 744 S.W.2d at 952.

To the extent Robinson asserts that the evidence is legally or factually insufficient to establish any other essential element of Texas Construction's conversion claim, Robinson has not provided any argument, analysis, or citations to the record or legal authority. Even under a liberal construction of Robinson's appellate brief, these issues are not briefed adequately. *See San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 337 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Thus, Robinson has waived any such arguments.[6]

For the foregoing reasons, we overrule Robinson's third issue.

**D.     Did the trial court err in awarding appellate attorney fees without conditioning the award upon success on appeal?**

In his fourth issue, Robinson asserts that the trial court erred in awarding appellate attorney's fee without conditioning the award upon Texas Construction's success on appeal. A trial court may not penalize a party for taking a successful appeal. *See Sipco Serv's Marine v. Wyatt Field Serv.*, 857 S.W.2d 602, 607 (Tex. App.—Houston [1st Dist.] 1993, no writ). An unconditional award of appellate attorney's fees is improper. *See Pao v. Brays Village East Homeowner's Ass'n, Inc.*, 905 S.W.2d 35, 38–39 (Tex. App.—Houston [14th Dist.] 1995, no pet.) Such an award should be conditioned upon the claimant's success on appeal. *See In re K.A.R.*, 171 S.W.3d 705, 712 (Tex. App.—Houston [14th Dist.] 2005, no pet.) Texas Construction agrees that this court should sustain the fourth issue. For the foregoing reasons, we sustain Robinson's fourth issue.

---

[6] Even if Robinson had briefed these assertions adequately, we would conclude that they lack merit.

## IV.   CONCLUSION

The trial court did not err in denying Robinson's special appearance.  The trial court found that Robinson was a director and an officer of Texas Construction at the time of the allegedly actionable conduct, thus supporting the trial court's finding that Robinson owed Texas Construction a fiduciary duty.  The evidence is legally and factually sufficient to support a finding that Robinson exercised dominion and control over the dozer to the exclusion of, or inconsistent with, Texas Construction's rights.  The trial court erred in awarding appellate attorney's fee without conditioning the award upon Texas Construction's success on appeal.  Accordingly, we modify the trial court's judgment to condition the award of appellate attorney's fees on Texas Construction's success on appeal, and we affirm the judgment as modified.


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Jamison.