**Reversed and Remanded and Memorandum Opinion filed August 8, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00207-CV

---

## CYNTHIA JACKSON, Appellant

### V.

## CANDACE CAIN-STEGEMOLLER, INDIVIDUALLY AND AS NEXT FRIEND OF MINOR CHILD K.S., Appellee

---

**On Appeal from the 21st District Court**
**Washington County, Texas**
**Trial Court Cause No. 36060**

---

## MEMORANDUM OPINION

In this restricted appeal, appellant challenges the trial court's rendition of a no-answer default judgment. Among other arguments, appellant contends that the trial court erroneously authorized substituted service at an address known to be incomplete because the address was not the full address identified in the affidavit filed in support of appellee's motion for substituted service. We agree.

Accordingly, we reverse the trial court's default judgment and remand for further proceedings.

## I.      Legal Principles

To prevail in a restricted appeal, the appellant must establish, among other things not at issue in this appeal, that error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). In a restricted appeal from a no-answer default judgment, error is apparent on the face of the record if the trial court lacked jurisdiction over the defendant due to inadequate service of process. *See McKanna v. Edgar*, 388 S.W.2d 927, 928–29 (Tex. 1965).

If a defendant has not answered a lawsuit, a trial court acquires jurisdiction over the defendant solely on proof of proper service. *Furst v. Smith*, 176 S.W.3d 864, 868 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). A default judgment cannot withstand a direct attack by a defendant who complains that she was not served in strict compliance with applicable requirements. *Wilson*, 800 S.W.2d at 836. There is no presumption in favor of valid issuance, service, and return of citation. *Id.* Strict compliance with the rules for service must affirmatively appear on the record for a default judgment to withstand direct attack. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam).

The rule for substituted service provides as follows:

(b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

2

> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>
> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106. Generally, we review de novo the trial court's authorization of substituted service and the rendering of a default judgment based on such service. *See Furst*, 176 S.W.3d at 869–70; *see also Nelson v. Nelson*, No. 14-16-00602-CV, 2017 WL 2484378, at \*2 (Tex. App.—Houston [14th Dist.] June 8, 2017, no pet.) (mem. op.) ("Whether service strictly complies with the rules is a question of law that we review de novo.").

## II.    Background[1]

Appellee sued appellant and alleged that appellant could be served at 2001 FM 389 Road, Brenham, Texas 77833. Appellee filed a motion for substituted service and again alleged that appellant could be served at 2001 FM 389 Road, Brenham, Texas 77833. Appellee attached an affidavit from the process server, by which the process server testified that the address of 2001 FM 389, Brenham TX 77833 was "a trailer park with over 50 trailers." The process server left the trailer park and later learned through public records of the Texas Department of Motor Vehicles that appellant's "full address" was 2001 FM 389, ***#14***, Brenham, TX 77833. The process server spoke with appellant and another man on the phone and concluded the affidavit: "Due to phone calls from the defendant and from Mr. Thurman Gains, (who also resides at the current address found for defendant), I believe the best [address] for defendant Cynthia Jackson is 2001 FM 389, #14, Brenham TX 77833."

---

[1] We have reviewed the record, but we also accept as true the facts stated in appellant's brief because appellee has failed to file a brief. *See* Tex. R. App. P. 38.1(g).

The trial court granted appellee's motion for substituted service and authorized service in one of two ways:

(1) by leaving a true copy of the citation, with a copy of the Petition and this Order authorizing substituted service attached, with anyone over sixteen (16) years of age at 2001 FM 389 Road, Brenham, Texas 77833; or

(2) by firmly affixing a true copy of the citation, with a copy of the Petition and this Order authorizing substitute service attached, to the front door of Defendant's last known usual place of abode or business at the above address.

The court also ordered that service "shall not be deemed perfected" unless the specified documents were mailed to the same address by regular and certified mail, and a copy of any "green card" returned by the post office would be attached to the return of service.

Appellee then moved for a default judgment, again stating that appellant could be served at 2001 FM 389 Road, Brenham, Texas 77833. Appellee attached as an exhibit an affidavit from the process server, who testified that he served the address 2001 FM 389 Road, Brenham, TX 77833 by attaching the specified documents to the front door. The process server testified that he mailed the documents to the same address by first class and certified mail, and, "The Certified Mail envelope was returned 'Insufficient Address.'" Appellee also attached as an exhibit to the motion the Texas Department of Motor Vehicles record showing the street address for appellant was "2001 FM 389 #14."

The trial court granted the default judgment and signed a final judgment in appellee's favor for nearly $650,000 in damages.[2]

---

[2] The record also includes an envelope from the Washington County District Clerk postmarked the day after the trial court signed the default judgment. The envelope is addressed to appellant at 2001 FM 389 Road, Brenham, Texas 77833. The envelope includes a sticker from

4

## III.   Analysis

Strict compliance with the rules for service of citation does not affirmatively appear in this record. Rule 106 requires a plaintiff to attach an affidavit stating "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found." Tex. R. Civ. P. 106(b). Here, the affidavit showed that the "full" and "best" address for appellant included "#14" in the address because the address at which the trial court ultimately authorized substituted service was a trailer park with over fifty trailers. Rule 106 allows a trial court to authorize substituted service at "the location specified in such affidavit" or "in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b). But here, the trial court authorized substituted service at an address different from the "full" and "best" address described in the affidavit. Indeed, the certified mailing that the trial court ordered to be sent was returned by the post office for having an "insufficient" address.

We conclude that the trial court's order to serve appellant at an incomplete address, which was not the "full" and "best" address described in the affidavit, did not provide for service that would be reasonably effective to give appellant notice of the suit. Because the trial court had evidence that appellant's address included "#14," and the address at which the trial court authorized substituted service did not, the record does not reflect strict compliance with the statute authorizing substituted service. *Cf. Light v. Verrips*, 580 S.W.2d 157, 158–59 (Tex. App.— Houston [1st Dist.] 1979, no writ) (reversing default judgment because the record contained a letter from the defendant's father stating that the defendant did not live

---

the post office stating "Return to Sender," "Not Deliverable as Addressed," and "Unable to Forward."

at the address where the trial court authorized substituted service, and the notice of the default judgment was returned to the clerk of the court with the notification "No Such Street").

Error is apparent on the face of the record. Appellant's sole issue is sustained.

## IV. Conclusion

Having sustained appellant's issue, we reverse the trial court's judgment and remand for further proceedings.


/s/    Ken Wise
Justice


Panel consists of Justices Wise, Zimmerer, and Spain.