Roger F. GARRELS, Appellant,

v.

WALES TRANSPORTATION,
INC., Appellee.

No. 05–85–00728–CV.

Court of Appeals of Texas,
Dallas.

March 11, 1986.

William F. LePage and Bruce K. Thomas, Moore & Peterson, Dallas, for appellant.

Webber W. Beall and Richard T. Cheatham, Touchstone, Bernays, Johnston, Beall & Smith, Dallas, for appellee.

Before STEPHENS, GUILLOT and STEWART, JJ.

STEPHENS, Justice.

Roger F. Garrels appeals by writ of error from a default judgment rendered in favor of Wales Transportation. Garrels contends that the trial court lacked personal jurisdiction because he was not properly served with process and that the trial court erred in entering a default judgment upon an unliquidated claim without holding an evidentiary hearing. We agree with Garrels's first contention. In light of our disposition of this case, we need not address Garrels's second contention. The judgment is reversed and the cause remanded.

The record indicates that Wales filed suit against Garrels upon a written lease agreement. After several unsuccessful attempts to serve Garrels personally, Wales filed a

motion for substituted service supported by a constable's affidavit. The affidavit states, in pertinent part:

I have attempted to obtain personal service on the defendant Roger F. Garrels in the matter of Wales Transportation, Inc. v. Roger F. Garrels, Number 84–14464–M, on the following occasions:

November 10, 1984 at 5:00 P.M.
November 13, 1984 at 7:00 A.M.
November 13, 1984 at 4:00 P.M.
December 11, 1984.

On November 13th, a woman who identified herself as the mother of Roger F. Garrels indicated that he was not in. On the afternoon of November 13th, Defendant Garrels called and said he would come by and pick up the papers. On December 11th, no one answered and there was a "For Sale" sign in the front yard of 8826 Flint Falls.

Personal Service upon Roger F. Garrels has become impractical and unfeasible, and the interests of justice will be served by permitting service by delivering a copy of the citation, with the petition attached, to any resident over the age of sixteen of 8826 Flint Falls or by posting a copy of the petition and citation on the door of the residence at 8826 Flint Falls, Dallas, Texas.

Further affiant sayeth not.

The trial court authorized the substituted service ordering the deputy constable to obtain service on Garrels by attaching the citation and petition to the front door of the residence at 8826 Flint Falls, Dallas, Texas, or by serving the citation and petition on any individual over age sixteen residing at the above residence. The return of citation reflects that the citation and petition were attached to the door of the above residence and that such residence was Garrels's usual place of abode. Garrels failed to answer and the trial court, without holding an evidentiary hearing, entered a default judgment in favor of Wales. From the judgment, Garrels has petitioned for writ of error.

 A petition for writ of error is a direct attack on the judgment and prevents this court from indulging presumptions in support of the judgment. *McKanna v. Edgar,* 388 S.W.2d 927, 928–29 (Tex.1965); *Cates v. Pon,* 663 S.W.2d 99, 102 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). The decisive question is whether there is error apparent on the face of the record which vitiates the trial court's judgment. *McKanna,* 388 S.W.2d at 928; *Texaco, Inc. v. McEwen,* 356 S.W.2d 809, 812 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.). Where in personam jurisdiction is based upon substituted service, the record must affirmatively show strict compliance with the statute authorizing such service. *Mylonas v. Texas Commerce Bank-Westwood,* 678 S.W.2d 519, 523 (Tex.App.—Houston [14th Dist.] 1984, no writ); *Franecke v. Dolenz,* 668 S.W.2d 481, 482 (Tex.App.—Austin 1984, writ dism'd); *Devine v. Duree,* 616 S.W.2d 439, 440 (Tex.Civ.App.—Fort Worth 1981, writ dism'd); *Crook v. Teitler,* 584 S.W.2d 356, 358 (Tex.Civ.App.—Tyler 1979, no writ); *Light v. Verrips,* 580 S.W.2d 157, 159 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Failure to affirmatively show strict compliance with the rules of civil procedure relating to the issuance, service, and return of citation will render the attempted service of process invalid and of no effect. *Cates,* 663 S.W.2d at 102 (citing *Mega v. Anglo Iron & Metal Company of Harlingen,* 601 S.W.2d 501, 503 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Harrison v. Dallas Court Reporting College, Inc.,* 589 S.W.2d 813, 816 (Tex.Civ.App.—Dallas 1979, no writ); *Nichols v. Wheeler,* 304 S.W.2d 229, 233 (Tex.Civ.App.—Austin 1957, writ ref'd n.r.e.)). *See Whitney v. L & L Realty Corp.,* 500 S.W.2d 94, 97 (Tex.1973).

In the case at bar, the trial court authorized substituted service under rule 106 of the Texas Rules of Civil Procedure, which provides in pertinent part:

(b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has

been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

(1) by an officer or by any disinterested adult named in the court's order by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX.R.CIV.P. 106.

We conclude that the record does not affirmatively show strict compliance with rule 106 in this case. Although Wales's motion for substituted service did state that the Flint Falls address was the defendant's home address, an unsworn motion is not evidence of probative value that the location was the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found. *Kirkegaard v. First City National Bank of Binghampton N.Y.*, 486 S.W.2d 893, 894 (Tex.Civ.App.—Beaumont 1972, no writ). We hold that before the trial judge orders substituted service under rule 106, there must be evidence of probative value that the location stated in the affidavit is the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found. This requirement is consistent with the decisions of the courts of this state which have insisted on strict compliance with statutes conferring personal jurisdiction. *Smith v. Commercial Equipment Leasing Co.*, 678 S.W.2d 917, 918 (Tex. 1984); *Whitney*, 500 S.W.2d at 97; *Spencer v. Texas Factors, Inc.*, 366 S.W.2d 699, 700 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.). Because the record fails to affirmatively show strict compliance with the rules relating to the issuance of substituted service, the attempted substituted service of process is "invalid and of no effect" and, as a result, the trial court never obtained in personam jurisdiction over Garrels.

Garrels, having now appeared to attack the default judgment, has submitted himself to the jurisdiction of the district court and no new service is necessary. *Cates,* 663 S.W.2d at 102; TEX.R.CIV.P. 123.

The judgment is reversed and the cause remanded.