Reversed and Remanded and Memorandum Opinion filed August 24, 2004









Reversed and Remanded and Memorandum Opinion filed
August 24, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00997-CV

____________

 

CHRISTIAN
BROTHERS AUTOMOTIVE CORPORATION, Appellant

 

V.

 

FRANK
DECICCO, Appellee

_____________________________________________________________

 

On Appeal from the County Court at Law No. 4

Fort Bend County, Texas

Trial Court Cause No. 22152

_____________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Christian Brothers
Automotive Corporation (AChristian
Brothers@) appeals
from the default judgment entered against it and in favor of appellee Frank
DeCicco on May 14, 2003.  This case
arises from a dispute concerning the adequacy of repairs made by Christian
Brothers to DeCicco=s
automobile.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion.  See Tex.
R. App. P. 47.4.  We reverse and
remand the judgment of the trial court for further proceedings.








In its sole issue presented for
review, Christian Brothers argues that the trial court erred in entering a
default judgment against it because DeCicco failed to comply with the
requirements under Rule 106 of the Texas Rules of Civil Procedure for
substitute service.  We agree.

Rule 106(b) of the Rules of Civil
Procedure provides:

Upon motion supported by
affidavit stating the location of the defendant=s usual place of business
or usual place of abode or other place where the defendant can probably be
found and stating specifically the facts showing that service has been
attempted under either (a)(1) or (a)(2) at the location named in such affidavit
but has not been successful, the court may authorize service (1) by leaving a
true copy of the citation, with a copy of the petition attached, with anyone
over sixteen years of age at the location specified in such affidavit, or (2)
in any other manner that the affidavit or other evidence before the court shows
will be reasonably effective to give the defendant notice of the suit.

 

Tex. R. Civ. P. 106(b)
(emphasis added).

It is well established that a default
judgment cannot withstand direct attack by a defendant who complains that
service was not made in strict compliance with the applicable
requirements.  Wilson v. Dunn, 800
S.W.2d 833, 836 (Tex. 1990).  Substitute
service is not authorized under Rule 106(b) without an affidavit that
demonstrates the necessity for other than personal service and otherwise meets
the requirements of the rule listed above. 
Id.

In the present case, the trial
court authorized substitute service based on the unverified motion presented by
DeCicco.  The motion attached two
separate documents, including: (1) a certificate concerning Christian Brothers=s
franchise tax account status obtained from the Texas Office of the Comptroller;
and (2) an affidavit provided by Erin Cadoree, an employee of the law firm
representing DeCicco.  Cadoree=s
affidavit states only the following:








My name is Erin
Cadoree.  I am over the age of eighteen
(18) years, have never been convicted of a felony and am competent to make this
Affidavit.  I am employed by the law firm
of Coselli & Durham, P.L.L.C.  In the
normal course of my duties on January 23, 2003, I placed a telephone call to
the Fort Bend County Clerk=s Office at (281) 341-8678 to inquire whether or
not the Defendant, CHRISTIAN BROTHERS AUTOMOTIVE CORPORATION, was served.  I was advised by the Clerk=s office that return of
service indicated, Acame back refused.@  Further, Affiant saith not.

 

Cadoree=s
affidavit thus does not state, as required under Rule 106(b), the location of
Christian Brothers=s usual
place of business or other place where Christian Brothers can probably be
found.  The fact that this information is
contained elsewhere within DeCicco=s
unverified motion does not enable this court to find DeCicco has complied with
Rule 106(b), since any statements made in an unsworn motion do not constitute
evidence of probative value.  See,
e.g., Garrels v. Wales Transp., Inc., 706 S.W.2d 757, 759 (Tex. App.CDallas 1986, no writ).  Therefore, the record before this court fails
to affirmatively show that DeCicco strictly complied with the requirements for
issuance of substitute service under Rule 106(b).

DeCicco, however, argues that he
exercised reasonable diligence in his attempts to serve Christian Brothers with
process and therefore complied with the requirements of Rule 106(b).  DeCicco=s
argument confuses the Areasonable
diligence@ standard applicable to service
under Article 2.11(B) of the Texas Business Corporations Act with the Astrict
compliance@ standard applicable to service
under Rule 106(b).  Compare Tex. Bus. Corp. Act Ann. art. 2.11(B)
(Vernon 2003) with Tex. R. Civ.
P. 106(b) and Wilson, 800 S.W.2d at 836.  The record does not reflect, and indeed
DeCicco does not urge, that he attempted to serve Christian Brothers through
service upon the Secretary of State.  The
Areasonable
diligence@ standard is thus inapplicable to
the present case.








We conclude the trial court erred
in issuing its order authorizing substitute service.  Therefore, it never obtained personal
jurisdiction over Christian Brothers and a default judgment should not have
been entered in DeCicco=s
favor.  Accordingly, Christian Brothers=s sole
issue presented for review is sustained. 
We reverse the judgment of the trial court and remand for further
proceedings.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed August 24, 2004.

Panel consists of Chief Justice Hedges and Justices Frost and Guzman.