**REVERSE and REMAND; and Opinion Filed May 28, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00543-CV

**BROWN CONSULTING AND ASSOCIATES, INC. AND A LEARNING CENTER JUST FOR ME, INC., Appellants**

**V.**

**KAREN SMITH, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-06500**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Fillmore

Brown Consulting and Associates, Inc. (Brown Consulting) and A Learning Center Just For Me, Inc. (Learning Center) appeal a no-answer default judgment in favor of Karen Smith. In four issues, Brown Consulting and Learning Center generally contend: (1) the judgment is void because they were not properly served; (2) the trial court erred by denying their motion for new trial; (3) Smith failed to plead facts imposing a duty of care on Brown Consulting; and (4) the evidence is factually insufficient to support the damage award. We resolve Brown Consulting and Learning Center's first issue in their favor, reverse the trial court's default judgment, and remand for further proceedings consistent with this opinion. We issue a memorandum opinion in this case because the law to be applied is well settled. *See* TEX. R. APP. P. 47.2(a), 47.4.

**Background**

In her original petition, Smith alleges she was employed by Learning Center as an habilitator working with mentally challenged clients. In an incident that occurred at work, a client she was helping stand from a seated position "jerked" Smith's arm, causing Smith to lose her balance and hit her head on a paved roadway. Smith lost consciousness and sustained injuries to her head, neck, left knee, and back.

In June 2011, Smith sued Brown Consultants and Associates, Inc. (Brown Consultants) and Learning Center for negligence. In August 2011, Smith filed an unsworn motion for substitute service of process on Brown Consultants and Learning Center, stating Brown Consultants and Learning Center's principal place of business is in Dallas County, Texas, and they may be served with citation through their registered agent, Bettina L. Brown at their "registered address," 101 S.W. Dallas Street, Grand Prairie, Texas.[1] In her motion, Smith requested that the trial court authorize her to serve Brown Consultants and Learning Center "by leaving a true copy of the citation and attached petition with anyone more than sixteen years of age, or posting the citation and attached petition to the front door or gate, at Defendants' registered address" at 101 S.W. Dallas Street, Grand Prairie, Texas. Smith submitted the affidavit of private process server John P. Davis in support of the motion for substitute service of process. In the affidavit, Davis attested he received "a" citation for Brown Consultants and Learning Center "to be delivered to its registered agent Bettina Brown . . . at 101 SW Dallas Ave Grand Prairie, Texas." Davis stated he had attempted to call and serve Bettina Brown but had been unable to obtain service. After considering the motion for substitute service of process and the supporting affidavit, the trial court signed an order authorizing substituted service on Brown

---

[1] Smith's motion for substitute service of process refers twice to defendant "Brown Consultants and Associates, Inc."; however, in the caption of the motion, this defendant is referred to as "Brown Consulting and Associates, Inc."

Consulting and Learning Center "by leaving the citation and attached Original Petition with any person more than 16 years old, or posting the citation and attached Petition to the front door or gate, at 101 S.W. Dallas St, Grand Prairie, Texas 75051 in accordance with rule 106(b)(1)."

Returns of service on Brown Consultants and Learning Center were filed by the process server. The return of service on Brown Consultants indicates service was executed by delivering the citation and petition to "Brown Consultants and Associates Inc. c/o Bettina Brown via Rule 106 order by leaving with receptionist." The return of service on Learning Center indicates service was executed by delivering the citation and petition to "Bettina L. Brown via Rule 106 order by leaving with receptionist."

Thereafter, Smith filed a motion for a no-answer default judgment against Brown Consulting and Learning Center. After considering Smith's testimony and other evidence, the trial court signed a default judgment against Brown Consulting and Learning Center and awarding Smith $350,000. Brown Consultants and Learning Center filed a motion for new trial which was overruled by operation of law. This appeal followed.[2]

## Discussion

In their first issue, Brown Consulting and Learning Center contend the judgment is void because defects in service prevented the trial court from acquiring personal jurisdiction over them. Specifically, they contend the affidavit in support of the motion for substitute service of process did not comply with the requirements of rule 106(b) of the Texas Rules of Civil Procedure because the affidavit fails to contain evidence that Brown Consulting's or Learning Center's registered agent could probably be found at the address served, or that the address was

---

[2] No issue has been raised on appeal relating to the inconsistent use of the names Brown Consulting and Brown Consultants in the trial court record to refer, apparently, to the same entity. For example, in her Original Petition and Request for Disclosure, Smith sued "Brown Consultants and Associates, Inc.," yet the trial court's Final Judgment granted default judgment against "Brown Consulting and Associates, Inc." Indeed, this defendant has inconsistently identified itself. For example, Defendants' Motion for New Trial was filed on behalf of "Brown Consultants and Associates, Inc.," while the notice of appeal was filed on behalf of "Brown Consulting and Associates, Inc." Because no issue has been raised on appeal concerning this disparity, we will assume references in the record to Brown Consulting and Brown Consultants are references to the same entity.

the usual place of business or usual abode of Brown Consulting, Learning Center, or the registered agent for these businesses. After reviewing the affidavit, we agree.

Before a trial court may properly render a default judgment, the record must reflect the trial court has jurisdiction over the subject matter and the parties and the case is ripe for judgment. *Finlay v. Jones,* 435 S.W.2d 136, 138 (Tex. 1968); *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 376 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). When, as here, a defendant has not answered, a trial court acquires jurisdiction over that defendant solely on proof of proper service. *See* TEX. R. CIV. P. 107(h) (prohibiting default judgment unless proof of proper service and return have been on file for ten days). The trial court does not have in personam jurisdiction to render a default judgment against the defendant unless the record affirmatively shows, at the time the default judgment is entered, either an appearance by the defendant, proper service of citation on the defendant, or a written memorandum of waiver. *Marrot Commc'ns*, 227 S.W.3d at 376.

Texas Rule of Civil Procedure 106 allows the trial court to sign an order authorizing a substitute method of service of process, provided the plaintiff files a motion supported by proper affidavit. TEX. R. CIV. P. 106(b); *Wilson v. Dunn*, 800 S.W.2d 833, 834 (Tex. 1990). The supporting affidavit must state (1) the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found; and (2) the specific facts showing that traditional service at the location named in such affidavit has been attempted, but has not been successful. TEX. R. CIV. P. 106(b). Failure to affirmatively show strict compliance with this rule renders the attempted service of process invalid and of no effect. *Garrels v. Wales Transp.*, 706 S.W.2d 757, 758 (Tex. App.—Dallas 1986, no pet.); *see also Wilson*, 800 S.W.2d at 836 ("Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him."). There

are no presumptions favoring valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Wilson*, 800 S.W.2d at 836 (quoting *Uvalde Country Club v. Martin Linen Supply, Co.*, 690 S.W.2d 884, 886 (Tex. 1985) (per curiam)).

Here, the affidavit in support of the rule 106(b) motion for substitute service of process states that Davis received "a" citation for Brown Consultants and Learning Center to be delivered to "registered agent Bettina Brown . . . to be delivered at 101 SW Dallas Ave Grand Prairie, Texas." The affidavit then lists the efforts Davis made to deliver the citation to Bettina Brown. The affidavit concludes with Davis's statement that he made diligent efforts to serve the citation, but believed service could not be obtained without the benefit of a court order as allowed in rule 106 of the rules of civil procedure. The affidavit does not contain a statement that the address 101 S.W. Dallas Ave., Grand Prairie, Texas was the usual place of business or usual place of abode of either defendant or the registered agent. Nor does the affidavit contain a statement that the address is a place where the registered agent could probably be found. Consequently, we agree with Brown Consulting and Learning Center that the affidavit does not strictly comply with the requirements of rule 106(b).

In reaching this conclusion, we necessarily reject Smith's contention that although the affidavit does not use the words "usual place of business" or "usual place of abode" to describe the listed address, the affidavit is sufficient to comply with rule 106(b). Smith argues that the phrase "usual place of business" is not required as long as the affidavit contains sufficient evidence that the address for service is the usual place of business, usual place of abode, or other place where the defendant can be found. Smith does not explain, nor do we see, how the affidavit does so. Although the affidavit does show when Davis arrived at the address for service "her office" told Davis that Bettina Brown was not there, this does not show the address for service was Bettina Brown's *usual* place of business. A person may have more than one office.

Further, even assuming we could conclude the statement in the affidavit regarding Bettina Brown's office somehow showed this was a usual place of business, the affidavit does not indicate which of the businesses to be served, or whether both of the businesses to be served, conducted business from the stated address.

Rule 106(b) requires that an affidavit in support of a motion for substitute service of process contain information indicating the location for service is the usual place of business, usual place of abode, or other place where the defendant could be found. *See* TEX. R. CIV. P. 106(b). In *Garrels*, a constable's affidavit stated he attempted service at a certain location on multiple occasions. Although the unsworn motion for substitute service of process indicated that the location was the defendant's usual place of abode, the constable's affidavit did not. *Garrels*, 706 S.W.2d at 759. Reasoning that the unsworn motion was not evidence, this Court concluded service was defective since the affidavit was insufficient. *Id.* This Court stated that before the trial court may order substituted service under rule 106, "there must be evidence of probative value that the location stated in the affidavit is the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found." *Id.*; *see also Williams v. Nexplore Corp.*, No. 05-09-00621-CV, 2010 WL 4945364, at *2, 3 (Tex. App.—Dallas Dec. 7, 2010, pet. denied) (mem. op.) (failure to affirmatively show strict compliance with rule 106(b) renders attempted substituted service of process invalid and of no effect); *Olympia Marble & Granite v. Mayes*, 17 S.W.3d 437, 444 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (op. on r'hrg) (concluding rule 106(b) requires that supporting affidavit include statement that location of attempted service is defendant's usual place of business or usual place of abode or other place he can probably be found).

Given our obligation to "rigidly enforce rules governing service when a default judgment is entered," *Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007) (per curiam), we cannot

conclude Davis's affidavit shows strict compliance with rule 106(b).  Because the record does not show strict compliance with the rules for substitute service of process, we resolve Brown Consulting and Learning Center's first issue in their favor.  Having done so, we need not address their remaining issues.   *See* TEX. R. APP. P. 47.1; *see also Nexplore Corp.*, 2010 WL 4945364, at \*2, 3 (appellate court need not address whether trial court erred by denying motion for new trial because determination that trial court lacked personal jurisdiction over defendant was dispositive of appeal).  Accordingly, we reverse the trial court's default judgment and remand to the trial court for further proceedings.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

120543F.P05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BROWN CONSULTING AND
ASSOCIATES, INC. and A LEARNING
CENTER JUST FOR ME, INC., Appellants

No. 05-12-00543-CV     V.

KAREN SMITH, Appellee

On Appeal from the 193rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-06500.
Opinion delivered by Justice Fillmore,
Justices Lang-Miers and Murphy
participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is
**REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent
with this opinion.

     It is **ORDERED** that appellants Brown Consulting and Associates, Inc. and A Learning
Center Just for Me, Inc. recover their costs of this appeal from appellee Karen Smith.


Judgment entered this 28th day of May, 2013.


/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE