

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00293-CV
_____

IN THE INTEREST OF J.D.H., E.K.H. and Z.H.H., CHILDREN

On Appeal from the 100th District Court
Donley County, Texas
Trial Court No. 6931; Honorable Stuart Messer, Presiding

February 20, 2014

## CONCURRING AND DISSENTING OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

The majority opinion thoroughly examines the circumstances surrounding the termination of the parental rights of John and Andrea with respect to their three children, J.D.H., E.K.H. and Z.H.H. For the most part, I agree with that analysis, and I concur with the majority's decision to affirm the termination of Andrea's parental rights. I also agree with the majority's finding that adequate grounds exist for the termination of John's parental rights and the accompanying finding of best interests. Where I differ, however, is with respect to whether the trial court ever had personal jurisdiction over

John. Finding that deficiency to be of a fundamental magnitude, I respectfully dissent from the decision to affirm the termination of John's parental rights.

In his original brief, John contended the trial court committed reversible error by entering an *Order for Substituted Service* because that order provided that service of process could be completed by serving his mother, a person interested in the outcome of the case. The majority properly disposes of that argument. During oral arguments, however, John's attorney expanded his argument to include an argument that the trial court lacked personal jurisdiction because the *Order for Substituted Service* was entered in contravention of the requirements of Rule 106 of the Texas Rules of Civil Procedure. Specifically, John's attorney argued that the motion for substituted service was defective because it did not "state specifically the facts showing that service has been attempted under either [Rule 106](a)(1) or (a)(2) at the location named in such affidavit . . . ." *See* TEX. R. CIV. P. 106(a)(1) (providing for service of citation by personal delivery) and 106(a)(2) (providing for service of citation by mail). Following oral arguments, John filed a motion seeking leave to file a "Supplemental Brief" which would have supported the position taken during oral arguments. Following a response from the Texas Department of Family and Protective Services, the majority denied John's motion.

Texas Rule of Civil Procedure 106(b) allows the trial court to sign an order authorizing a substitute method of service of process, provided the movant files a motion supported by proper affidavit. TEX. R. CIV. P. 106(b); *Wilson v. Dunn,* 800 S.W.2d 833, 834 (Tex. 1990). The supporting affidavit must state (1) the location of the defendant's usual place of business or usual place of abode or other place where the

defendant can probably be found; and (2) the specific facts showing that traditional service at the location named in such affidavit has been attempted, but has not been successful. Failure to affirmatively show *strict compliance* with this rule renders the attempted service of process invalid and of no effect. *Whitney v. L & L Realty Corp.,* 500 S.W.2d 94, 95-96 (Tex. 1973); *Garrels v. Wales Transp.,* 706 S.W.2d 757, 758 (Tex. App.—Dallas 1986, no writ); *Wilson*, 800 S.W.2d at 836 ("Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him."). The record on appeal must contain all elements that are essential to establishing compliance with the citation procedure, leaving nothing to inference. *Wachovia Bank of Delaware v. Gilliam*, 215 S.W.3d 848, 850 (Tex. 2007). There are no presumptions favoring valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Wilson,* 800 S.W.2d at 836 (quoting *Uvalde Country Club v. Martin Linen Supply, Co.,* 690 S.W.2d 884, 885 (Tex. 1985) (*per curiam*)).

We are obligated to review jurisdictional issues *sua sponte*.[1] Accordingly, I would find that the trial court lacked personal jurisdiction over John and reverse and render judgment accordingly.[2]

Patrick A. Pirtle
Justice

---

[1] *New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 678 (Tex. 1990)

[2] In reaching this decision I reject the argument presented in footnote 5 of the majority opinion finding that the appearance of court-appointed counsel somehow established the trial court's personal jurisdiction over John. A court cannot "create" jurisdiction merely by appointing an attorney to represent a party who has never been properly served. Such a procedure would create a heretofore unknown method of service of process: "Service by Appointment of an Attorney," totally circumventing State and Federal Due Process concepts of notice and service of process.