

# Fourth Court of Appeals

## San Antonio, Texas

### DISSENTING OPINION

No. 04-14-00556-CV

**IN THE INTEREST OF C.L.W.**, S.S.W., and L.M.W., Children

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-15199
Honorable Richard Price, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice
Dissenting Opinion by: Patricia O. Alvarez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  December 9, 2015

I respectfully dissent to the majority's determination that Gamez's affidavit provided "probative value that the location stated in the affidavit is the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found." *Garrels v. Wales Transp., Inc.*, 706 S.W.2d 757, 759 (Tex. App.—Dallas 1986, no writ); *see also* Tex. R. Civ. P. 106(b). "An affidavit will not support substituted service if it is conclusory or otherwise insufficient." *In re Sloan*, 214 S.W.3d 217, 222 (Tex. App.—Eastland 2007, no pet.) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). I believe the affidavit provided by the process server, in this case, was conclusory.

My analysis necessarily begins with the affidavit of Ma. Monica G. Gamez, the process server. In a sworn affidavit, dated July 6, 2012, Gamez averred as follows:

My name is MA. MONICA G. GAMEZ.  I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

Service was attempted on [Steven] in this case personally at the address and on the days and times shown below:

a.   Date:        June 30, 2012
     Time:        9:00 a.m.
     Address:     [   ] W. Woodlawn, San Antonio, Texas
     Method:      Personally
     Result:      No service—No answer at the door.  Respondent's green pickup truck was parked in the driveway of the residence.  I did notice someone inside the home looking through the blinds.

b.   Date:        July 2, 2012
     Time:        8:35 p.m.
     Address:     [   ] W. Woodlawn, San Antonio, Texas
     Method:      Personally
     Result:      No service—A young lady who stated her name was Stephanie said [Steven] was not home.  Stephanie was curious as to why Steven was being served "again" as he had just been served Friday by a Mr. Moore.  I informed her I knew nothing about it and gave her my business card to give to [Steven] to make arrangements to meet for delivery of documents.  Stephanie stated she would give [Steven] message.  I noticed that [Steven]'s truck was parked in the driveway of the residence.

c.   Date:        July 5, 2012
     Time:        11:30 a.m.
     Address:     [   ] W. Woodlawn, San Antonio, Texas
     Method:      Personally
     Result:      No service—No answer at the door.

As of the filing of this Affidavit I have not received a call back from [Steven].  I have provided Attorney for Petitioner the information above and she has requested I prepare[] this affidavit.

I am qualified to serve process in this case as required under rule 103, Texas Rules of Civil Procedure.

Recognizing the prohibition against any presumptions in favor of valid service, *see Furst v. Smith*,

176 S.W.3d 864, 872 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (relying on *Gilbert v. State*,

623 S.W.3d 349, 353 (Tex. Crim. App. 1981)), I believe the affidavit failed to provide sufficient facts to allow the trial court to grant substituted service, *see Deleon v. Fair*, 04-06-00644-CV, 2007 WL 2042762, at *2 (Tex. App.—San Antonio 2007, no pet.) (mem. op.).

First, although the affidavit indicates service was tried on three different occasions at the residence located on W. Woodlawn, San Antonio, Texas, the affidavit is completely void of any language that the residence on W. Woodlawn is either Steven's residence or a place where Steven could probably be found. *See In re Sloan*, 214 S.W.3d at 222 (concluding the affidavit did not provide any details regarding the address was the defendant's usual place of abode). The Divorce Decree provided that Steven resided at, and was awarded as part of the division of the marital estate, the residence on Valley Dale, San Antonio, Texas, 78250. The record does not appear to contain, and Andra has not provided evidence of, any filing providing an address change indicating Steven moved from the residence on Valley Dale. Yet, the Attorney's Certificate of Last Known Address instructs service at the W. Woodlawn address, without explaining the variance. Furthermore, on October 17, 2012, three months after the process server failed to serve Steven at the W. Woodlawn address, Andra served the default temporary orders, by mail, on Steven at the Valley Dale residence. Additional notices were also served on Steven at the Valley Dale address on November 13, 2012. Yet, once again, at the final hearing, after a year of mailing pleadings to the Valley Dale address, Andra testified that Steven resided at the W. Woodlawn address.

Second, the only identifier provided by the affiant that ties Steven to the W. Woodlawn residence is found in two of the affiant's statements: (1) "Respondent's green pickup truck was parked in the driveway of the residence;" and (2) "I noticed that [Steven]'s truck was parked in the driveway of the residence." *See Brown Consulting & Assocs., Inc. v. Smith*, No. 05-12-00543-CV, 2013 WL 2316615, at *3 (Tex. App.—Dallas May 28, 2013, no pet.) (mem. op.) (rejecting

affidavit that failed to provide "evidence of probable value" that location in affidavit was "usual place of business, usual place of abode, or other place where defendant can probably be found"); *cf. Rowsy v. Matetich*, No. 03-08-00727-CV, 2010 WL 3191775, at *5 (Tex. App.—Austin Aug. 12, 2010, no pet.) (mem. op.) (finding affidavit sufficient when stepfather testified that, based on his personal knowledge, the address was appellee's usual place of abode). Neither of the affiant's statements, in this case, provides any evidence that the truck in the driveway was, in fact, Steven's truck or that this was Steven's usual place of abode. *Cf. Goshorn v. Brown*, No. 14-02-00852-CV, 2003 WL 22176976, at *2 (Tex. App.—Houston [14th Dist.] Sept. 23, 2003, no pet.) (mem. op.) (focusing on affidavit's statement that young man answering door indicated that "Goshorn was in the home, but was unwilling or unable to come to the door"). There are no identifying markers— specifically, no license plate or VIN number, providing evidence the truck belonged to Steven or that Steven was ever at the residence on W. Woodlawn. As a result of the affidavit's failure to provide probative evidence the W. Woodlawn address was a place where Steven could probably be found, the affidavit ultimately failed to provide probative evidence that substituted service at the W. Woodlawn address would be reasonably effective to provide Steven with notice of suit.

Here, although the affidavit provided an address for service, it failed to affirmatively show that the W. Woodlawn address was Steven's usual place of abode or other place where he could probably be found. *See* TEX. R. CIV. P. 106(b); *Titus v. S. Cty. Mut. Ins.*, No. 03-05-00310-CV, 2009 WL 2196041, at *3 (Tex. App.—Austin Jul. 24, 2009, no pet.) (mem. op.). Because I believe the affidavit is conclusory, I would hold the process server's affidavit failed to meet the strict compliance requirement of Rule 106(b). *See Wilson*, 800 S.W.2d at 836; *accord In re Sloan*, 214

S.W.3d at 222. Accordingly, I would reverse the trial court's judgment, and remand this cause for a new trial.

Patricia O. Alvarez, Justice