**Reversed and Remanded; Opinion Filed December 12, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01348-CV

**ROBERT LAROSE, Appellant**
**V.**
**REHJ, INC. D/B/A HOLMES, DIGGS & EAMES, Appellee**

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-03886**

## MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Stoddart

This is a restricted appeal from a default judgment rendered against "Robert LaRose" in favor of REHJ, Inc. d/b/a Holmes, Diggs & Eames. LaRose was served under an order for alternative service under rule 106 of the rules of civil procedure. He argues there is error on the face of the record because the declaration in support of the motion for substituted service fails to state his usual place of abode, usual place of business, or other place where he is likely to be found. We reverse the default judgment and remand for a new trial.

### BACKGROUND

REHJ filed suit against LaRose for damages. The petition alleged LaRose could be served at his usual place of abode, 2531 Himes Street, Irving, Texas. After attempting to serve LaRose

at that address, REHJ filed a motion for alternative service and a declaration[1] signed by Sharlene J. Barns, a private process server. The motion stated that reasonably effective notice of the suit could be given by posting a copy of the citation and petition to the front door of 2531 Himes Street, Irving, Texas.[2] In her declaration, Barns stated she received the citation, plaintiff's original petition, and attached exhibits "to be delivered to Robert LaRose 2531 Himes Street Irving, Texas 75060." Barns stated she went to that address on April 6, 2017 at 3:00 p.m., knocked on the front door several times, received no answer, and left her business card on the door. She also noticed a black Dodge Ram pickup truck parked in the driveway. She returned to her office and checked the license plate on the pickup and found it was registered to "Robert Lee LaRose, Jr. at 2531 Himes Street Irving, Texas 75060." Barns made another attempt to serve LaRose at the same address on April 8, 2017 at 5:30 p.m., but no one answered. The declaration also states that, on morning of April 10, 2017, Barns went to "251 Himes Street Irving, Texas 75060" and noticed the same black Dodge Ram pickup parked in the driveway. Lights were one inside the residence, she knocked on the door several times, but received no answer. She again left her business card with her contact information on the door.

The trial court signed an order authorizing alternative service on LaRose by posting a copy of the citation and plaintiff's original petition with attached exhibits to the front door of 2531 Himes Street, Irving, Texas 75060. The return of service, executed by Barns, states that she delivered the suit papers to LaRose by posting them to the front door of 2531 Himes Street Irving,

---

[1] An unsworn written declaration may be used in lieu of an affidavit if it complies with section 132.001 of the civil practice and remedies code. TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (authorizing use of unsworn declaration made under penalty of perjury in lieu of affidavit required by rule). Although appellant challenges the sufficiency of the form of the declaration, we need not resolve that issue to dispose of this appeal. TEX. R. APP. P. 47.1.

[2] The motion also requested service on LaRose by e-mail to a specific e-mail address, and the trial court's order allows service by e-mail as an alternative method. However, neither the declaration attached to the motion nor any other evidence in the record establishes that e-mail to the stated address "will be reasonably effective to give the defendant notice of the suit." TEX. R. CIV. P. 106(b)(2). Thus the record does not support service by e-mail as a valid method of service under rule 106.

Texas 75060.

**STANDARD OF REVIEW**

To prevail on a restricted appeal, the appellant "must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see* TEX. R. APP. P. 30; *id.* 26.1(c); *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). Only the fourth element is at issue in this case.

A restricted appeal is a direct attack on the trial court's judgment. *Gen. Elec. Co. v. Falcon Ridge Apts., J.V.*, 811 S.W.2d 942, 943 (Tex. 1991). For a default judgment to withstand direct attack, strict compliance with the rules governing service of process must affirmatively appear on the face of the record. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); *Lytle v. Cunningham*, 261 S.W.3d 837, 839–40 (Tex. App.—Dallas 2008, no pet.). If the record fails to show strict compliance with the rules of civil procedure governing issuance, service, and return of citation, then the attempted service of process is invalid and of no effect. *Lytle*, 261 S.W.3d at 840. When the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is void. *Id.*; *see generally* Tex. R. Civ. P. 124.

Under Rule 106, when service of process by personal delivery or by certified mail is unsuccessful, the trial court may, "upon motion supported by affidavit," authorize alternative methods of service. TEX. R. CIV. P. 106(b). The motion must be supported by an affidavit "stating the location of the defendant's usual place of business or usual place of abode or other place where

–3–

the defendant can probably be found," and stating the specific facts showing that traditional service has been attempted "at the location named in such affidavit but has not been successful." *Id.* Upon such a showing, the trial court may authorize service: (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit (the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found); or (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit. *Id.*

Failure to affirmatively show strict compliance with rule 106 renders the attempted service of process invalid and of no effect. *Garrels v. Wales Transp.*, 706 S.W.2d 757, 758 (Tex. App.—Dallas 1986, no pet.); *see also Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) ("Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him."). There are no presumptions favoring valid issuance, service, and return of citation in the face of a direct attack on a default judgment. *Primate Constr., Inc.*, 884 S.W.2d at 152; *Wilson*, 800 S.W.2d at 836.

## ANALYSIS

Because appellee obtained a default judgment by substituted service, it had the burden to show appellant was served in the manner required by the applicable rule or statute. *See Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.). Virtually any deviation will be sufficient to set aside a default judgment in a restricted appeal. *Id.*; *see also Clark v. Newman*, No. 05-15-01393-CV, 2017 WL 2255587, at *2 (Tex. App.—Dallas May 23, 2017, no pet.) (mem. op.). Strict compliance is particularly important when substituted service under rule 106 is involved. *Dolly*, 10 S.W.2d at 388.

To support alternative service under rule 106(b), the affidavit must state the location of the

defendant's usual place of business, usual place of abode, or other place where he can probably be found. TEX. R. CIV. P. 106(b); *see James v. Comm'n for Lawyer Discipline*, 310 S.W.3d 586, 590–91 (Tex. App.—Dallas 2010, no pet.). This Court's opinion in *Garrels v. Wales Transportation, Inc.*, 706 S.W.2d 757 (Tex. App.—Dallas 1986, no writ), is instructive. In *Garrels*, the plaintiff's unsworn motion for substituted service stated a particular address was the defendant's home address, but the supporting affidavit did not include such a statement. *Id.* at 758–59. Concluding the unsworn motion was insufficient, this Court stated that before the trial court may order substituted service under rule 106, "there must be evidence of probative value that the location stated in the affidavit is the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found." *Id.* at 759. *Garrels* requires that the affidavit, as opposed to only an unsworn motion, satisfy the requirements of rule 106(b). *Id.*; *see James*, 310 S.W.3d at 591.

In this case, the declaration in support of substituted service does not state that the address listed is LaRose's usual place of business or abode or a place where he is likely to be found. *See Garrels*, 706 S.W.2d at 759. It does recite Barns's unsuccessful attempts to serve LaRose at the 2531 Himes Street address, her efforts to determine the truck's registered owner, and that the black Dodge pickup was parked there on April 6, 2017. However, the declaration also states that on April 10, 2017 Barns went to a different address, "251 Himes Street," and saw the same black Dodge pickup parked in the driveway. REHJ argues the declaration is sufficient because Barnes stated she checked the license plate on the Dodge pickup she saw at the address and found it was registered to "Robert Lee LaRose, Jr." at that address. The declaration does not state how Barnes "checked" the license plate or had personal knowledge that the vehicle was registered to this person. *See Wilson*, 800 S.W.2d at 836 ("[C]ourts have consistently held that substitute service may not properly issue on a motion supported by an affidavit that is conclusory or otherwise

–5–

insufficient."); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) ("Affidavits consisting only of conclusions are insufficient to raise an issue of fact."). Further, there is no evidence that "Robert Lee LaRose, Jr." is the same person as the defendant named in the lawsuit, Robert LaRose. *See Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (return showing service on "Henry Bunting" did not show strict compliance with rules for service of process where petition alleged registered agent for service of process was "Henry Bunting, Jr."); *Lytle v. Cunningham*, 261 S.W.3d 837, 840 (Tex. App.—Dallas 2008, no pet.) ("[W]e cannot tell whether 'Mr. Chris Lytle' and 'Christopher Lytle' are different persons or the same person.").

Given our obligation to rigidly enforce the rules governing service when a default judgment is rendered, *Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007) (per curiam), we cannot conclude Barns's declaration shows strict compliance with rule 106(b). Accordingly, the declaration is insufficient to support the order for substituted service and the error is apparent on the face of the record.

## CONCLUSION

Because the record does not show strict compliance with rule 106(b), we sustain LaRose's first issue, reverse the trial court's default judgment, and remand this case for further proceedings.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

171348F.P05

–6–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROBERT LAROSE, Appellant

No. 05-17-01348-CV      V.

REHJ, INC. D/B/A HOLMES, DIGGS & EAMES, Appellee

On Appeal from the 95th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-17-03886.
Opinion delivered by Justice Stoddart. Justices Whitehill and Boatright participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for a new trial.

It is **ORDERED** that appellant ROBERT LAROSE recover his costs of this appeal from appellee REHJ, INC. D/B/A HOLMES, DIGGS & EAMES.

Judgment entered this 12th day of December, 2018.