

# NUMBER 13-21-00073-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MOBILE DENTAL HEALTH
MANAGEMENT, L.L.C., D/B/A
KEEN DENTAL HEALTH,                                          **Appellant,**

**v.**

ADAM LALONDE, D.D.S.,                                          **Appellee.**

### On appeal from the County Court at Law No. 1
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Longoria**

Appellant Mobile Dental Health Management, L.L.C., d/b/a Keen Dental Health

brings this restricted appeal arguing that the trial court erred in entering a default judgment

against it and in favor of appellee Adam Lalonde, D.D.S. Appellant contends: (1) appellee

failed to exercise reasonable diligence in attempting service on it before "resorting to substituted service"; (2) appellee failed to "strictly comply with Texas Rule of Civil Procedure 106(b)"; (3) the judgment does not conform to appellee's pleadings; and (4) appellee failed to provide sufficient evidence regarding damages. We affirm.

## I.    BACKGROUND

Appellee, a dentist who leases a mobile unit from appellant for his dental practice, filed his original petition on February 5, 2020, asserting claims for deceptive trade practices, breach of implied and express warranties, and breach of contract stemming from the lease of a mobile dental unit. The clerk's record shows a return receipt, dated February 20, 2020, showing appellee's attempted service on appellant by certified mail through appellant's president and registered agent Pageen Kramer at 926 Windmill Palm, San Antonio, Texas. On February 26, 2020, appellee requested a citation be issued to Kramer at 1813 Grandstand Drive, San Antonio, Texas. On March 10, 2020, appellee requested a citation be issued to Kramer at 13000 Vista Del Norte, Apt. 915, San Antonio, Texas. The citation sent to Grandstand Drive was returned with the notation "MOVED 2+ YRS AGO." On April 8, 2020, appellee filed his "[M]otion for [S]ubstituted [S]ervice" in which he asserted that he attempted service on Kramer at the Grandstand Drive address and at Kramer's personal address at Vista Del Norte to no avail. Appellee requested authorization to serve appellant, through Kramer, by

> delivering a true and correct copy of the citation and petition . . . at 13000 Vista Del Norte . . . ,

> Or, if no one will answer the door, by:

2

> attaching a true and correct copy of the citation and petition to the front entry way at 13000 Vista Del Norte . . . .

The trial court granted the motion and appellee submitted an affidavit of service from the process server stating that service was perfected by "securely attaching [citation] to the front door of the property at the address of: 13000 Vista Del Norte" on May 1, 2020."

On May 29, 2020, appellee filed his motion for default judgment. The trial court held a hearing, appellant did not appear, and the motion for default judgment was granted, awarding appellee actual damages in the amount of $52,587.15, treble damages in the amount of $157,761.45, and attorneys' fees in the amount of $5,500. This restricted appeal ensued.

## II. RESTRICTED APPEAL

### A. Standard of Review and Applicable Law

A restricted appeal is a direct attack on a judgment. *Autozone, Inc. v. Duenes*, 108 S.W.3d 917, 919 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.); *see Norman Comm. v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). To prevail on a restricted appeal, appellant must establish that: (1) it filed notice of a restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the complained-of judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (holding that although the first three requirements are jurisdictional, the fourth is not); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi–Edinburg

3

2016, no pet.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.013; TEX. R. APP. P. 25.1, 26.1(c), 30.

There is no dispute among the parties that the first three prongs have been met. We limit our review in a restricted appeal to the face of the record. *See Ex parte Vega*, 510 S.W.3d. at 547. Error that is merely inferred from the record will not suffice. *See Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009) (per curium). The "face of the record" consists of all papers that were before the trial court at the time it rendered judgment. *See Ex parte Vega*, 510 S.W.3d at 547. We will reverse only if the trial court's decision, on its face, "probably caused the rendition of an improper judgment." *Guadalupe Econ. Servs. Corp. v. Dehoyos*, 183 S.W.3d 712, 715 (Tex. App.—Austin 2005, no pet.) (citing TEX. R. APP. P. 44.1).

For a default judgment to withstand direct attack, strict compliance with the rules governing service of process must affirmatively appear on the face of the record. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); *Lytle v. Cunningham*, 261 S.W.3d 837, 839–40 (Tex. App.—Dallas 2008, no pet.). If the record fails to show strict compliance with the rules of civil procedure governing issuance, service, and return of citation, then the attempted service of process is invalid and of no effect. *Lytle*, 261 S.W.3d at 840. When the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is void. *Id.*; *see generally* TEX. R. CIV. P. 124.

**B.     Analysis**

**1.     Attempted Service**

By its first issue, appellant argues that appellee failed to exercise "reasonable diligence in attempting to serve [appellant] prior to resorting to substituted service." *See* TEX. R. CIV. P. 106(b); *In re E.R.*, 385 S.W.3d 552, 564 (Tex. 2012) ("[I]f personal service can be effected by the exercise of reasonable diligence, substituted service is not to be resorted to."). Appellant contends that appellee did not first attempt process at appellant's registered office. Appellant suggests that appellee "misled" the trial court in his motion for substituted service by stating he had attempted service on appellant's registered office, "when [he] had not." In appellee's motion for substituted service, appellee stated that he attempted service on Kramer as appellant's registered agent at the address on file with the Secretary of State, which he stated was 1813 Grandstand Drive. Appellee also attached an affidavit in support of his motion which stated service was attempted at Kramer's personal residence seven times prior to appellee seeking substitute service. Appellant asserts that appellee's motion included the wrong registered address for appellant. That is true, but the record is clear that appellee previously attempted service at the proper registered address: 926 Windmill Palm. Appellee's original petition states that appellant "may be served by serving" Kramer at the Windmill Palm address. The clerk's record also includes a citation for personal service, sent via certified mail, directed to Kramer at the 926 Windmill Palm address. The returned envelope includes a notation that the citation was "not deliverable as addressed" and was "unable to forward." Subsequently, appellee attempted to have citation issued to Kramer at the 1813

5

Grandstand Drive address, followed by several attempts at Kramer's residence at 13000 Vista Del Norte. Accordingly, we disagree with appellant's assertions that "the record is devoid of any attempt by [appellee] to serve [appellant] at its registered office" and that appellee "failed to exercise due diligence to locate [appellant] prior to resorting to substituted service."

Appellant's first issue is overruled.

## 2. Strict Compliance

### i. Affidavit

Appellant further argues by its second issue that appellee failed to strictly comply with the rules of civil procedure in effecting service of process. Specifically, appellant contends that appellee's affidavit used to support his motion for substituted service fails to state "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found."

Texas courts require strict compliance with the rules for service, and a no-answer default judgment cannot stand unless strict compliance with the rules appears in the record. *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020) (per curiam); *Pro-Fire & Sprinkler, L.L.C. v. Law Co.*, 637 S.W.3d 843, 849–50 (Tex. App.—Dallas 2021, no pet.). Under Rule 106, when service of process by personal delivery or by certified mail is unsuccessful, the trial court may, upon the motion of the plaintiff, supported by an affidavit, authorize an alternative method of service. TEX. R. CIV. P. 106(b); *see In re M.M.M.A.*, 583 S.W.3d 632, 636 (Tex. App.—El Paso 2018, no pet.). The affidavit must "list[] any location where the defendant can probably be found and stat[e] specifically the facts

6

showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful." TEX. R. CIV. P. 106(b); *see In re M.M.M.A.*, 583 S.W.3d at 636; *see also Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) ("[S]ubstitute[d] service is not authorized under [Texas] Rule [of Civil Procedure] 106(b) without an affidavit which meets the requirements of the rule demonstrating the necessity for other than personal service."). Texas courts have consistently held that substituted service may not properly issue on a motion supported by an affidavit that is conclusory or otherwise does not meet the requirements of Texas Rule of Civil Procedure 106(b). *Wilson*, 800 S.W.2d at 836; *see Medford v. Salter*, 747 S.W.2d 519, 520 (Tex. App.— Corpus Christi–Edinburg 1988, no writ) (holding that an affidavit stating that "diligent effort to obtain service of process was made" was deficient because it did not show by specific facts that service had been attempted).

Appellant contends that appellee did not attempt to locate appellant or its registered agent at its address on file with the Secretary of State. We disagree—citation was attempted at the agent's registered address, as is seen in the record, and was returned as undeliverable. Appellant further argues that the record is "entirely devoid of [appellee's] investigatory efforts to locate [appellant], besides conclusory statements." Appellant argues that the affidavit attached to appellee's motion for substituted service fails to comply with Texas Rule of Civil Procedure 106(b) because it does not use the "requisite" phrase "or other place where the defendant can probably be found" and does not exhibit the diligence necessary to support substituted service. We disagree.

7

The affidavit attached to appellee's motion for substitute service indicates that service was attempted on appellant's registered agent, Kramer, at "his/her place of abode or his/her place where he/she receives mail, being" the Vista Del Norte address. It further provides additional information regarding the numerous attempts to serve Kramer at the Vista Del Norte address and states that the address was verified as Kramer's by someone within the apartment who refused to open the door, that the address was verified as Kramer's by the apartment's leasing office, and that a neighbor confirmed Kramer lived at the address, should be home, but was "probably avoiding" service. The affidavit repeatedly uses the phrase "usual place of abode" in reference to Kramer residing at the Vista Del Norte address. There is nothing in the rule that requires the affidavit to use the exact language set forth in the rule. *See* TEX. R. CIV. P. 106(b); *see also In re C.L.W.*, 485 S.W.3d 537, 541 (Tex. App.—San Antonio 2015, no pet.) (explaining that a plaintiff is not required to recite the actual language from the rules in the affidavit). "An affidavit is sufficient under Rule 106 if it provides 'evidence of probative value that the location stated in the affidavit is the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found.'" *In re C.L.W.*, 485 S.W.3d at 541 (quoting *Garrels v. Wales Transp., Inc.*, 706 S.W.2d 757, 759 (Tex. App.—Dallas 1986, no writ)). Because the affidavit states that the address where service has been attempted is the "place of abode" of appellant's registered agent and it details the attempts at service, we find it sufficient under Rule 106. *See id.*

### ii.     Misnomer

Appellant also generally asserts that appellee "sued [appellant] under the wrong

8

corporate name." Specifically, appellant states appellee sued "Mobile Dental Health Management, LLC" instead of "Mobile Dental Management, LLC." Without citation to authority, appellant argues that this alleged misnomer allowed appellee to obtain a judgment against a "corporate entity that does not exist." Appellant argues that this error, along with the previous alleged errors, "cumulatively amount to a lack of reasonable diligence in attempting to serve the correct entity, prior to requesting substituted service, thus the default judgment was erroneously entered." However, with no citation to case law or supportive authority, appellant has inadequately briefed this issue. *See* TEX. R. APP. P. 38.1(i).

Appellant's second issue is overruled.

### 3. Judgment

Appellant's third argument asserts that the judgment fails to conform to the pleadings. Appellant's discussion of the issue contains no legal argument and fails to cite any support for its assertion. Appellant has inadequately briefed this issue. *See id.*

Appellant's third issue is overruled.

### 4. Damages

Appellant's fourth issue encompasses complaints regarding the trial court's award of damages. Again, appellant's discussion lacks any legal argument and contains no citations to appropriate authority or support for its arguments. Appellant has inadequately briefed this issue. *See id.*

Appellant's fourth issue is overruled.

**5.** **Summary**

Having found no error on the face of the record, we find that appellant has failed to meet its burden to prevail in this restricted appeal.

### III. CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Delivered and filed on the
2nd day of February, 2023.